GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. J. B. BEAN.

Decided January 16, 1907.

**1.—Assault—Mental Pain and Humiliation—Charge.**

In a suit against a railroad company for damages because of an assault by the company's porter the court charged the jury that in estimating the damages they should take into consideration the physical pain suffered by the plaintiff and also the "mental pain and humiliation" suffered by him. Held, that the charge was not susceptible of the construction and could not have been understood by the jury as authorizing a recovery for both mental pain and for humiliation as constituting separate and distinct items of damage.

**2.—Pass—Stipulation for Exemption from Liability.**

A railroad company is liable to a passenger traveling on a pass for damages resulting from an assault by the company's porter, notwithstanding a stipulation printed on the pass that "the railway company shall not be liable to him under any circumstances, whether by negligence of its agents or otherwise, for any personal injury."

**3.—Assault by Employer—Liability of Company.**

A railroad company is liable for an assault by one of its employes upon a passenger even though the assault was made from personal motives of the employe and not in the discharge of any duty to the company.

**4.—Same—Verdict, not Excessive.**

Where there was evidence that injuries to sight and hearing inflicted by an employe upon a passenger were permanent, a verdict for $2,500 could not be held excessive.

Appeal from the District Court of El Paso County. Tried below before Hon. J. M. Goggin.

*Baker, Batts, Parker & Garwood,* and *Beall & Kemp,* for appellant.— That the company was not liable under the facts of this case because of the contract on the pass used by plaintiff, cited: Boering v. Chesapeake Beach Ry. Co., 193 U. S., 442; Northern Pac. Ry. Co. v. Adams, 192 U. S., 441; Book 48, Law Ed., U. S. Sup. Ct. Reps., pp. 742 and 513, and authorities therein cited; Rogers v. Kennebec Steamboat · Co. (Maine), 25 L. R. A., 491; Muldoon v. Seattle City Ry. Co. (Wash.), 22 L. R. A., 794; Duncan v. Maine Cent. R. Co., 113 Fed. Rep., 508; and 25 Am. & E. R. R. Cases, new series, 104; Payne v. Texas, H. & I. R. Co., 25 Am. & E. R. R. Cases, N. S., 111.

In order to hold a master liable for the act of a servant, the act must be done in the scope of the general authority of the servant in the furtherance of the master's business, and for the accomplishment of the object for which the servant is employed. International & G. N. Ry. Co. v. Anderson, 82 Texas, 520; Gulf, C. & S. F. Ry. Co. v. Dawkins, 13 S. W. Rep., 983; Texas & P. Ry. Co. v. Moody, 23 S. W. Rep., 41; Dillingham v. Russell, 73 Texas, 51; Echols v. Dodd, 20 Texas, 195; Western Union Telegraph Co. v. Foster, 64 Texas, 221; International & G. N. Ry. Co. v. Cooper, 88 Texas, 607; Burnett v. Oechsner, 92 Texas, 590; 2 Cooley on Torts, 1016 and notes; Woods Master and Servant, secs. 279 and 280; 2 Woods Railway Law, 1 ed., sec. 316.

*Victor C. Moore* and *T. A. Falvey,* for appellee.

JAMES, CHIEF JUSTICE.—The action was for damages alleged to have been sustained by appellee while a passenger on defendant's train through an assault upon him by the train porter. The verdict was for $2,500. The petition after alleging the assault and the circumstances, alleged that plaintiff sued for (among other things) "the great mental and physical pain and anguish he has already suffered because of said injuries, and for the great physical and mental pain and anguish he will be forced to endure in the future because of the permanent character of said injuries, and also because of the humiliation and disgrace caused him."

The court charged the jury that in estimating his damages they should take into consideration the physical pain suffered by him in consequence of such assault and also the mental pain and humiliation, if any, he has suffered in consequence of being so assaulted.

There was a special exception to the petition in that therein plaintiff sued for mental suffering and to recover for humiliation and disgrace which involves a double recovery. It is true the sense of disgrace and humiliation is a form of mental suffering. It seems to us, however,

that if plaintiff could have recovered for such species of suffering under the designation of mental suffering, his asking for it in connection with mental suffering could not have prejudiced anything. It appears that when the court came to charge the jury he did so as we have indicated. The second assignment is that by the charge plaintiff was allowed to recover for mental pain, and for humiliation in addition, which involved double recovery of damages. It is impossible to see how the jury could have been misled by the charge into giving double damages, or damages twice for the same thing. There can be no question that humiliation was a proper item of damages. If the jury saw proper to assess a certain sum as damages for such item, they certainly would not have reassessed it under the general head of mental suffering, if they possessed common intelligence, which we should presume. On the other hand if they assessed a sum for humiliation in considering the general subject of mental suffering, it is equally improbable that they would have assessed it again. The charge, however, is not subject to the strained construction sought to be placed upon it by appellant as charging the jury to find damages for mental pain and in addition thereto damages for humiliation. The charge was to find for the mental pain and humiliation suffered, submitting the two collectively as a subject of damages, which could not have had the effect of leading the jury to give damages twice for humiliation, but was calculated to avoid that result.

The proposition under the third assignment is that one traveling on a pass, granted without consideration, with a printed contract thereon signed by him stipulating that "the railway company shall not be liable to him under any circumstances, whether by negligence of its agents, or otherwise, for any personal injury," is bound by the condition (except, perhaps in Texas as against negligence on the part of the carrier), and can not recover for personal injuries received by reason of an assault made by the company's porter.

Plaintiff testified that he received his pass by reason of services he rendered the company as a State ranger. We are not cited to any contradiction of this testimony, but this fact we consider unimportant. The settled rule in this State, for reasons of public policy, is that a carrier can not by such stipulations, obtain immunity from its failure to perform its ordinary duties to passengers. Gulf, C. & S. F. Ry. v. McGown, 65 Texas, 640; Missouri, K. & T. Ry. v. Flood (Texas Civ. App.), 70 S. W. Rep., 332, and 79 S. W. Rep., 1107. The point that there may be a difference in this respect between cases of negligence and cases of assaults upon passengers, is untenable. These views dispose also of the fourth, fifth, and sixth assignments.

The seventh is that the court should have given this charge: "If you believe that the porter Johnson at the place and on the date alleged by plaintiff, attacked plaintiff with a dangerous weapon—an iron stove shaker—and that he did so, not in the line of his duty to the defendant, nor in the scope of his employment, but purely and merely from personal motives of resentment or wantonness or from personal sentiments of malice, or desire for mischief, your verdict will be for defendant." This instruction would have been improper. Gulf, C. & S. F. Ry. v. Luther, 14 Texas Ct. Rep., 195.

Under the eighth the amount of the recovery is complained of as

manifestly excessive. The jury was authorized to act upon the testimony of plaintiff as to his injuries and suffering, and the effect of his injuries upon his sight and hearing. A physician testified that it was possible for the blow received to have caused impairment of hearing and eyesight. The fact that such impairment continued at the time of the trial, more than two years after the occurrence, was sufficient to warrant the jury in concluding that it was permanent. International & G. N. Ry. v. Reeves, 79 S. W. Rep., 1099. We are unable to pronounce the verdict excessive.

*Affirmed.*

Writ of error refused.