JOSEPH McKIBBIN and Others v. WISCONSIN CENTRAL RAILWAY COMPANY.[1]

March 8, 1907.

Nos. 14,991—(177).

**Baggage—Loss of Merchandise.**
　　Action to recover for loss of four trunks containing merchandise samples, which were checked as baggage by the defendant's agent and afterwards destroyed by fire while in the defendant's station house. *Held*, a railway carrier is not, as a matter of law, liable only as a gratuitous bailee of baggage which it has regularly checked, if the passenger does not go on the same train with it.

**Evidence.**
　　Evidence considered, and *held*, that it is sufficient to sustain a verdict to the effect that the plaintiffs' salesman in good faith intended to follow his baggage, which he caused to be checked over the defendant's line, on a later train, that the baggage was destroyed by fire while in the defend-

1 Reported in 110 N. W. 964.

ant's possession by reason of its negligence, and that the plaintiff was entitled to recover the value thereof.

Action in the district court for Ramsey county to recover $787.04, with interest, for the destruction by fire of four trunks. The case was tried before Bunn, J., and a jury, which rendered a verdict in favor of the plaintiffs for $810.65. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*James D. Armstrong,* for appellant.

*Ambrose Tighe,* for respondents.

START, C. J.

On the afternoon of December 30, 1905, a traveling salesman of the plaintiffs checked four trunks containing samples of merchandise belonging to them over the defendant's railroad from St. Paul to Glenwood, Wisconsin. The trunks got to Glenwood late in the evening of the same day and were placed in the baggage room of the station house, which with the trunks and their contents was completely destroyed by fire, some twenty hours afterwards. This action was brought to recover the value of the trunks and their contents on the ground that they were destroyed by reason of the defendant's alleged negligence. It was admitted on the trial that the defendant's liability as a common carrier had terminated before the fire. At the close of the evidence the defendant moved the court to direct a verdict in its favor, for the reason that upon all the evidence the plaintiffs were not entitled to recover. Motion denied, exception by the defendant, cause submitted to the jury, and a verdict returned for the plaintiffs for the admitted value of their property. The defendant made a motion for judgment in its favor notwithstanding the verdict, or for a new trial, and appealed from an order denying its motion.

The important question raised by the assignments of error is whether upon any reasonable view of the evidence the plaintiffs are legally entitled to recover from the defendant for the loss of their property.

1. The first contention of the defendant to be considered is to the effect that there was no evidence sufficient to sustain a finding by the jury that the defendant had notice or knowledge that the trunks contained merchandise when it checked them as baggage; hence the trial

court erred in submitting that question to the jury. We held in Mc-Kibbin v. Great Northern Ry. Co., 78 Minn. 232, 80 N. W. 1052, that courts will take judicial notice of the fact that it is the general custom of common carriers by railroads to carry sample trunks with their contents of merchandise as the baggage of traveling salesmen, but not of the conditions or limitations, if any there be, under which this is done. Conceding that it was necessary for the plaintiffs to show in this case that the defendant's baggage agent knew that the trunks contained merchandise when he checked them, we are of the opinion that the evidence was ample to sustain a finding that he did so know, and that it was not error to submit the question to the jury. It was not necessary to prove such knowledge on the part of the baggage agent by evidence of a direct statement to that effect made to him by the commercial traveler, or by other direct evidence; for such fact may be inferred from the circumstances of the transaction. Trimble v. New York, 162 N. Y. 84, 56 N. E. 532, 48 L. R. A. 115.

In the case at bar the evidence tends to show that there were four sample trunks, three of which were each approximately forty six and a half inches in length, twenty eight and a half inches in width, and seven inches in height, while the fourth one was somewhat smaller; that their aggregate weight was some eight hundred pounds, and that they were of the form and pattern of trunks used for the transportation of merchandise samples; and that it was the custom of the defendant to check such trunks as baggage, without limitation or condition, even where it had knowledge of their contents. In view of this evidence and the general custom to check sample trunks with their contents of merchandise, it would be an imputation upon the intelligence of the baggage agent to suggest that he did not understand that the four large sample trunks contained merchandise, or to suggest that he was so silly as to believe that the four trunks contained only the personal wearing apparel of a merry knight of commerce. In the case of Trimble v. New York, supra, the evidence which was held sufficient to show knowledge of the contents of the sample trunk by the agent checking it was of the same general character as in this case, but not so conclusive; for there was only one trunk in that case, while here there were four, all checked at the same time and by the same traveling salesman.

2. The defendant further claims that the plaintiffs' salesman checked the trunks without any intention of going with them over its line of railway and paying the stipulated compensation therefor; hence the defendant was only a gratuitous bailee of the trunks. It is an admitted fact in this case that the salesman did not go to Glenwood on the same train which carried his trunks, and, further, that he did not intend so to do; but the evidence is to the effect that he intended to go to his home in Hudson, Wisconsin, remain there over Sunday and New Year's Day, then return to St. Paul Tuesday morning and go direct to Glenwood over the defendant's line; that when he checked the trunks he produced a mileage book good over the defendant's line, which consisted of a strip of two thousand ruled spaces or coupons, each evidencing the right of the passenger to travel on the line one mile, and have his baggage, not exceeding one hundred and fifty pounds, carried, the mileage coupons being on the left side of the ticket and the corresponding baggage coupons on the right; that the baggage agent detached baggage coupons from the ticket for the number of miles to Glenwood, and returned the ticket to the salesman with corresponding mileage coupons intact; that the agent was then paid by the salesman for the transportation of all of his baggage, the four trunks, in excess of one hundred and fifty pounds, with coupons from a separate baggage coupon book which the plaintiffs had bought and paid for; that one of the conditions of the mileage book was that, where baggage had been checked and baggage coupons detached, no further baggage could be checked on the mileage until the corresponding mileage coupons had been used for passage, thereby indicating that there might be cases where the passenger and his baggage would not go on the same train; and, further, that the salesman learned on Monday that the trunks had been burned at Glenwood the evening before, and returned to St. Paul, Tuesday morning, as he intended to, but was delayed in making up other sample trunks until evening, when he went to Glenwood over the defendant's line. Whether he used the same mileage book as that by which he checked the burned trunks, does not definitely appear from the record.

The defendant's contention is that the passenger must go on the same train with his baggage; otherwise, the carrier is only a gratuitous bailee of the baggage. This claim has the support of some respectable

100 M.—18

authorities. 3 Am. & Eng. Enc. (2d Ed.) 553; Marshall v. Pontiac, 126 Mich. 45, 85 N. W. 242, 55 L. R. A. 650, and notes, in which the soundness of the principal case is vigorously challenged. In view of modern methods of checking baggage and the custom of regularly checking it on the presentation of a ticket at stations, general ticket offices, and the homes of passengers, we are of the opinion that there is now no good reason for the rule claimed, if ever there were, and hold that a railway carrier is not, as a matter of law, liable only as a gratuitous bailee of baggage which it has regularly checked if the passenger does not go on the same train with it. The learned trial judge instructed the jury in this connection to the effect that if it was the bona fide intention of the plaintiffs' salesman when he checked the trunks to return to St. Paul Tuesday morning and go over the defendant's line to Glenwood, the defendant would not be a gratuitous bailee, but would be bound to use ordinary care, after the trunks were in the station house at Glenwood, to see that they were not lost or destroyed; but, on the other hand, if his intention was to defraud the defendant by getting it to carry his baggage without any intention of becoming a passenger over its line, it would be liable for the baggage only as a gratuitous bailee, and bound to exercise slight care for its safety, and only liable for gross neglect. This instruction was quite as favorable to the defendant as it was entitled to have it. The evidence is ample to sustain a finding that the salesman intended to follow his baggage and that the defendant was not a gratuitous bailee.

The evidence is practically conclusive that the defendant in any event received some compensation for the transportation of the trunks by the excess coupons surrendered, and that no fraud was committed upon the defendant. Such being the case, the instruction of the court as to the degree of care required of a gratuitous bailee was harmless error, of which the defendant cannot complain, even if it be conceded that the evidence would not sustain a charge of gross negligence.

3. The last contention of the defendant is that the evidence is not sufficient to sustain a finding that the defendant was guilty of negligence in caring for the trunks after they arrived at Glenwood. The evidence tends to show that the trunks on their arrival were placed in the freight room of the station house, which was a frame building; in one corner of the room, near the door, was a bench on which switch

lamps were placed and filled with oil; near by was an oil tank and waste; the bench and floor around it were saturated with oil; a young boy some twelve years old filled the lamps from the tank and wiped them with waste; that as he lighted the fourth lamp he discovered that the bunch of waste which he had used in wiping the first one had caught on the lamp and was on fire; an alarm was given, and an attempt made to put the fire out; that there was no water or fire extinguisher of any kind; that the sparks were scattered about; that at about four o'clock the fire was apparently out, but at eight o'clock of the same evening the freight room was again discovered to be on fire, which gained such headway that it could not be extinguished by the means at hand, and the building and trunks were consumed; that when the fire was discovered the second time it was at a point four or five feet from where it started in the afternoon, but no indications of fire were observed during the time between the first and second fire; and, further, that the fire originated each time within the room, and not from without. There was also evidence of other circumstances of more or less weight to show negligence on the part of the defendant's employees. The defendant specially urges that the evidence does not show any connection between the first and second fire. There was no direct evidence of this fact, but the circumstances disclosed by the evidence tend to show that the second fire originated from the first one, especially so in the absence of any evidence tending to show any other origin of the fire. We have considered the evidence with care, and are of the opinion that it is sufficient to support the verdict. It follows that the trial court did not err in denying the defendant's motion.

Order affirmed.