MARGARET LARNED, DEFENDANT IN ERROR, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, PLAINTIFF IN ERROR.

Submitted December 5, 1910—Decided March 6, 1911.

On error to the Supreme Court, where the following opinion was delivered:

PER CURIAM.

The plaintiff bought a ticket from New York to Elizabeth over defendant's railroad, and used it to check her suit case, containing clothing and personal articles, to Elizabeth, about noon on a Saturday. She then, instead of going to Elizabeth immediately, went elsewhere, and took a train for Elizabeth on that evening, arriving too late to claim her baggage and did not claim it until Monday morning, at which time it had disappeared. She sued the railroad company as a common carrier, and recovered a judgment in the court below for the value of the suit case and contents.

It is claimed that by reason of plaintiff failing to accompany her baggage on the same train, and especially by her failure to claim it for over thirty-six hours after its arrival, the liability of the railroad company became that of a gratuitous bailee, or at most that of a warehouseman, and that as there is no negligence made to appear, and also because the state of demand does not count on any liability but that of a carrier, the defendant cannot be held in this action. We are unable to accede to the view that because plaintiff did not accompany her baggage, the relation was not originally that of carrier and passenger so as to charge the company as a carrier of the baggage. It is true that many of the older authorities so hold; but the methods of railroad companies in the transportation of baggage have changed greatly of late years, even to the extent of running trains exclusively for baggage; and it is notorious in many cases, especially at certain seasons, the passenger has no assurance whatever that his baggage will go

on the same train as that which he takes himself, even when checked in due season for that purpose. Baggage may be checked from house at starting point to another house at place of destination, and be transported quite independently of the train taken by the passenger. We think, therefore, that a railroad which checks baggage on a passage ticket and thereby assumes entire control of it, takes it primarily as a carrier; and the mere fact that the passenger does not take the same train as the baggage does not modify or change this *status.* With respect to the claim that the defendant was discharged from liability as a carrier by reason of the undue delay in presenting the check at destination, it may be said that this defence would be sustainable, no doubt, if it appeared that the undue delay had anything to do with the loss of the baggage; but as to this, nothing appears. For all that we know, or that the court or witnesses knew, the suit case may have been stolen from the baggage-room within ten minutes of its arrival. The defence of unreasonable delay is therefore irrelevant.

The judgment will be affirmed.

For the plaintiff in error, *George Holmes.*

For the defendant in error, *Abe J. David.*

PER CURIAM.

We are content with the reasoning adopted by the Supreme Court in this case, but must not be understood as conceding that there was no evidence of negligence on the part of the railroad company.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, REED, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, CONGDON, SULLIVAN, JJ.    12.

*For reversal*—None.