## St. Louis, Iron Mountain & Southern Railway Company *v.* DeWitt.

### Opinion delivered December 7, 1914.

1. Railroads—baggage—transportation.—Under Kirby's Digest, § 6615, passengers on railroad trains are entitled to have their baggage transported upon the payment of the requisite fare.

2. Railroads—baggage—transportation.—Becoming a passengker or purchasing a railway ticket entitles the passenger to have his baggage carried as well as himself, and as affecting the rights between the carrier and passenger, it makes no difference whether the baggage is transported upon the same train with the passenger, although he has the right to have it done.

3. Carriers—baggage—liability.—Under Kirby's Digest, § 6617, a railroad company is responsible as a common carrier, for all baggage or goods checked by it as baggage, for forty-eight hours after the baggage or goods checked as baggage, has reached its destination.

4. Carriers—baggage—transportation by connecting carrier.—A connecting carrier is liable to a passenger for the safe transportation of baggage checked over its line, although the passenger purchased his ticket from a connecting carrier upon whose line the passenger's journey began.

5. Carriers—baggage—loss—connecting carriers.—A. intended to go from a point on one railway to a point on the line of a connecting carrier. He purchased a ticket only to the point of connection but stated to the agent of the original carrier that he intended at that point to purchase a ticket to his destination, which he in fact did. The agent of the original carrier, checked A.'s baggage to the point which A. represented as his destination. The baggage was destroyed by fire within forty-eight hours after reaching its destination. *Held*, the latter carrier was liable to A. for the loss of the same.

Appeal from Garland Circuit Court; *Calvin T. Cotham,* Judge; affirmed.

## STATEMENT BY THE COURT.

Appellee brought suit against the railway company for damages for the loss of baggage, certain trunks and their contents, transported from Marshall, Arkansas, to Kensett, over the Missouri & North Arkansas Railroad, and from Kensett to Hot Springs, over the line of the appellant company. He was moving to Hot Springs, and purchased tickets for himself and family at Marshall on the 3d day of September, 1913. They reached the station shortly before the departure of the train, appellee arriving before the ticket window was opened, and after repeated efforts succeeded in purchasing tickets but not in getting their baggage checked. The agents were so busy that they could not check the baggage at the time, but agreed to check it through to Hot Springs and mail the checks to the appellee, which they did. Appellee purchased tickets only to Kensett, which fact the agent checking the baggage knew, in order to get the benefit of the two cent rate over the appellant's line, agreeing to continue the journey from there over appellant's road, and after arriving at Kensett, concluded to stay over night at Little Rock and bought tickets over appellant's line to Little Rock, and on the next morning continued their journey over appellant's line to Hot Springs, after purchasing tickets. The trunks arrived at the depot at Hot Springs on the 5th day of September about 10 o'clock in the morning, and were destroyed by fire about 4 o'clock in the afternoon, in the general conflagration which burned up a large part of the town and the appellant's depot building. No effort was made to save the baggage in the baggage room after it became apparent that the fire would reach and destroy it, further than that the agent tried ten or fifteen minutes before the building caught on fire to employ some expressmen or others with wagons to remove the baggage, but could not do so.

Appellee stated: "I wanted to get into Hot Springs the next day and went to station ahead of my family some thirty-five minutes before the train came. The ticket office was closed and I could not buy a ticket. In a few minutes afterward some of the freight I was shipping came, and the

agent's helper went to assist the drayman to check the freight off for the local that was to arrive soon after the passenger train. I went to the ticket window and bought two tickets and told the agent I wanted a check for my baggage. It was then fifteen or twenty minutes to train time, but as soon as he raised the window, he said the helper would be in in a few minutes. I waited and asked again for checks for my baggage. He was busy writing, and merely nodded his head. I waited a few minutes and asked a third time for checks. The train whistled and the helper come, and I asked them for checks for my trunk. They only said 'Get right on. We will check your trunks through.' I said, 'I have tickets only to Kensett.' He said, 'That is all right. We will check it to Hot Springs.' He told me if he sold tickets to Hot Springs he would have to charge three cents a mile, as the Missouri & North Arkansas charged that rate, so I only bought to Kensett, knowing that they sold tickets from there over the Iron Mountain for a less rate. I called his attention to the fact that I had tickets only to Kensett. He said, 'That is all right. We will check it on through and mail you the checks.' The helper took my address in Hot Springs and we came on to Kensett. Bought tickets from there to Little Rock over the Iron Mountain railroad as my wife desired to stop over there to see her brother. From Little Rock we went over the Iron Mountain Railroad to Hot Springs the next morning, reaching Hot Springs the next afternoon. My trunks had not arrived then. The next day I went to look for them, and was told if I did not have the checks I could not get them. The checks not having arrived, I made no further inquiry then. The checks did not come until after the fire."

From the judgment in favor of appellee the railroad company appealed.

*E. B. Kinsworthy, W. R. Donham* and *T. D. Crawford,* for appellant.

No liability is shown. Appellant did not incur the liability of a carrier, but was merely a gratuitous bailee, responsible only for gross, wanton or wilful neglect. 5 Q. B. 241; 19 Q. B. Div. 64; 25 Ont. L. R. 372; 56 Me. 60; 98 Me.

98; 10 Cush. 506; 126 Mich. 45; 67 Conn. 417, 32 L. R. A. 535; 147 Ill. App. 397; 3 L. R. A. 287; 4 Elliott on Railroads, § 1652a; 24 L. R. A. (N. S.) 634; 122 Am. St. 440; 3 Hutchinson on Carriers, § 1275; 3 Moore on Carriers 1310; Kirby's Dig., § 6615.

There was no evidence tending to prove wilful negligence.

*Scott Wood* and *A. J. Murphy*, for appellee.

1. Appellant is liable as a carrier. The agent at Marshall was at least clothed with apparent authority to act for and bind appellant. Appellant received and transported the trunks as baggage for persons who were passengers upon its road.

It is not the purchase of a ticket, but the payment of fare, which entitles a passenger to have his baggage transported. Kirby's Dig., § 6615.

It is not essential that passengers and baggage be transported on the same train. The passenger is entitled to have the baggage transported on the same train with himself, but that is for his benefit, and not a protection to the railroad for its failure to transport the baggage on the same train with the passenger. 35 L. R. A. 356; 6 Cyc. 662; 92 Ann. Dec. 389; 17 L. R. A. (N. S.) 1091; 8 L. R. A. (N. S.) 489; 9 L. R. A. (N. S.) 1218; 49 *Id*. 411; 43 *Id*. 806; 76 Ark. 607; 98 Ark. 418.

2. In any event, appellant would be liable for gross negligence, in that its baggage agent made no effort whatever to save the baggage until it was so hot and dangerous about the depot that he could get no one to go in and try to save the baggage.

Kirby, J., (after stating the facts). It is contended by appellant that the agent of the Missouri & North Arkansas Railroad was without authority to check the trunks of the appellee through from Marshall on its line of road over the appellant's line from Kensett to Hot Springs, without the purchase and payment for tickets by appellee, for the entire journey, and that it incurred no liability because of the issuance of checks therefor, the appellee not having first purchased through tickets to the point of destination.

The carrying of baggage is an incident to the transportation of passengers, and the payment of the passenger's fare is usually a necessary prerequisite to the binding of the carrier to liability for the transportation of the passenger's baggage.

(1)    Passengers are entitled to have their baggage transported over the railroads of the State on the payment of the requisite fare.    Section 6615 Kirby's Digest provides: "Each passenger who shall pay fare at the rate specified  *  *  *  shall be entitled to have transported along with him on the same train, without any additional charge, 150 pounds of baggage, to consist of such articles as are usually carried by ordinary persons when traveling."

(2)    Appellee, at the time of purchasing his tickets, attempted to have his baggage checked, as he had a right to have done, but the agents of the railroad company were so busy about other affairs that they could not attend to the checking of the baggage.    They assured him, however, that the baggage would be checked through to Hot Springs, his destination, and took his address, agreeing to mail him the baggage checks, which was done.    He told them at the time that he had only purchased tickets to Kensett, but intended to continue their journey on the Iron Mountain railroad, appellant's line, and they said that would be all right, and the baggage would be checked through.    Becoming a passenger or purchasing a ticket, entitles a passenger to have his baggage carried as well as himself, and it makes no difference in these modern times whether or not the baggage is transported upon the same train with the passenger, although he has the right to have it done.    Section 6615, Kirby's Digest; *Conheim* v. *Chicago G. R. Co.*, 17 L. R. A. (N. S.) 1091. Cyc. says: "As to personal baggage of the passenger, delivered to and taken possession of by the carrier, the liability of the latter is that of a common carrier of goods.    It is immaterial whether the baggage is carried on the same train with the passenger or not." 6 Cyc. 662; *Warner* v. *Burlington, etc., R. R.*, 92 Am. Dec. 389.

(3)   The railroad company is responsible as a common carrier for all baggage or goods checked by it as baggage for forty-eight hours after the baggage or goods checked as baggage has reached its destination.   Section 6617, Kirby's Digest.

(4)   Appellant, without doubt, would have been liable for the transportation and delivery of the baggage had the tickets been sold from the point of the beginning of the journey through to the passenger's destination at Hot Springs over its lines with the connecting carrier.

(5)   The agent of the connecting carrier having the authority to bind the appellant company upon the sale of such through tickets, and to check the baggage through as incident thereto, was expected, of course, to require the payment of the fare, and issue a check binding upon appellant for the transportation of the baggage over its lines to the end of the journey.   Having this right, although he exceeded his authority in the issuance of the through checks on the baggage upon the purchase of tickets upon his own line and the agreement of the passenger to purchase tickets to complete the journey over the line of appellant from the point of connection, his act in doing so was still within the apparent scope of his authority and binding upon appellant, the passenger having in fact purchased tickets over its line of railroad in accordance with his agreement, and paid therefor to the end of the journey, the point of destination.   The purchase of a ticket is not a prerequisite always to the relationship of passenger and carrier.   *St. Louis & S. F. Rd. Co.* v. *Kilpatrick,* 67 Ark. 47; *St. Louis S. W. Ry. Co.* v. *Hammett,* 98 Ark. 418.

The appellant was liable for the baggage as a common carrier for forty-eight hours after its arrival at its depot in Hot Springs, and it is not disputed that it arrived on the morning of the day it was destroyed in the afternoon by fire.

Finding no prejudicial error in the record, the judgment is affirmed.