GALVESTON, H. & S. A. RY. CO. v. MULLEN. (No. 5897.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 24, 1917. Rehearing Denied Nov. 21, 1917.)

1. CARRIERS ☞377 — CARRIAGE OF PASSENGERS—EJECTION OF PERSON RIDING ON PASS —CONDITION.

Where the pass on which plaintiff's wife was admitted to defendant's train provided that it was based upon no consideration, and that the person accepting it agreed that the companies issuing it should not be liable for any injury to the holder caused by the negligence, the provision, if valid, could not be invoked to relieve the road from payment of damages caused by its negligence in ejecting plaintiff's wife at an improper place, the pass in fact not being good on the particular train boarded by plaintiff's wife under direction from the gateman, since the railroad refused to recognize the pass as good, and so cannot invoke its provision to protect itself from the consequences of its negligence.

2. CARRIERS ☞307(2)—CARRIAGE OF PASSENGERS — INVALID STIPULATION — EXEMPTION FROM LIABILITY.

A stipulation in a railroad's pass exempting the company from liability for injuries resulting from its negligence was contrary to public policy and so void.

3. CONSTITUTIONAL LAW ☞315 — DUE PROCESS—HOLDING STIPULATION OF RAILROAD PASS TO BE VOID.

In suit against a railroad, the trial court's holding that a stipulation in the road's pass which exempted it from liability for injuries resulting from its negligence was void did not contravene the state Constitution, providing that no citizen shall be deprived of liberty, property, privileges, or immunities except by due process, or the federal Constitution, providing that no person shall be deprived of liberty or property without due process.

Appeal from District Court, Bexar County; R. S. Minor, Judge.

Suit by L. W. Mullen against the Galveston, Harrisburg & San Antonio Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, Templeton, Brooks, Napier & Ogden and Ed. W. Smith, all of San Antonio, for appellant. Perry J. Lewis, H. C. Carter, Champe G. Carter, and Randolph L. Carter, all of San Antonio, for appellee.

MOURSUND, J. L. W. Mullen sued appellant to recover damages for personal injuries alleged to have been sustained by reason of his wife being ejected from one of the company's passenger trains near El Paso, charging negligence in that she was put off at an improper place. It was alleged that Mrs. Mullen held a pass entitling her to passage

from El Paso to San Antonio; that she presented the pass to the gatekeeper at El Paso, who examined the pass and approved the same and passed her through the gate, and directed her to the train from which she was ejected; that she boarded the train in good faith, without knowledge of the conditions on the pass and of the fact that said pass would not be recognized by defendant's employés on said train. Plaintiff pleaded that the act of the gatekeeper amounted to a waiver of any limitations in the pass, and that Mrs. Mullen had the right to ride on said train to San Antonio. Plaintiff further pleaded that if the acts of the gateman did not give Mrs. Mullen the right to ride to San Antonio, the defendant's employés in charge of the train were guilty of negligence in putting her off at an improper place. The facts relied upon to show negligence in this respect were fully pleaded, as well as those showing how and to what extent plaintiff was injured. The defendant answered by general demurrer, numerous special exceptions, a general denial, a special plea that the conductor told Mrs. Mullen she could ride on that train to San Antonio by paying her fare, or he would carry her to Ysleta, or she could leave the train at Alfalfa, and she chose the last-mentioned alternative; that the pass was not good on the train in question, and a statement to that effect was plainly printed on the face thereof; that it was the conductor's duty to refuse to let Mrs. Mullen ride on the pass on said train; that the pass contained a provision reciting that it was based upon no consideration, and that the person accepting it agreed that the companies issuing the same should not be liable for any injury to the holder caused by negligence of the agents of the companies or others, and that as to the holder the companies should not be considered as common carriers or liable as such; that by her signature Mrs. Mullen assented to such condition; that such contract for nonliability was a valid contract, and that any statutes prohibiting the same or denying the binding effect of the agreement, and any court decision holding it invalid, would not be a fair, reasonable and appropriate exercise of the police power, and would contravene "that article of the state Constitution [Const. of Tex. art. 1, § 19], which provides that no citizen shall be deprived of liberty, property, privileges, and immunities, except by due process of the law of the land, and those articles of the federal Constitution [Amendments 5 and 14] which provide that no person shall be deprived of liberty or property without due process of law, and that no state shall deprive any person of liberty or property without due process of law, nor to deny to any person within its jurisdiction the equal protection of the laws." Defendant also charged plaintiff and his wife with con-

tributory negligence. Plaintiff, by supplemental petition, excepted to all allegations of defendant based upon the agreement the companies should not be liable for negligence, and such exception was sustained. The trial resulted in a verdict and judgment in favor of plaintiff for $5,000.

The court submitted the case to the jury upon the theory that the facts alleged by plaintiff, if found to be true, made her a licensee, as distinguished from a trespasser, and required of the company's employés the exercise of ordinary care in ejecting her from the train, as distinguished from the high degree of care due passengers. By appropriate assignments appellant attacks the rulings of the court in striking out its pleadings relating to the agreement absolving the company from liability for negligence, excluding that provision of the pass when offered in evidence and refusing to permit Mrs. Mullen and plaintiff to be interrogated concerning the facts relating to the defenses pleaded by it based upon said provision, and their acts with regard to obtaining and using the pass. Appellant contends that in making the rulings complained of the trial court necessarily held the condition in the pass relieving the company from liability for negligence to be void, and that such holding constituted an unreasonable, unnecessary, and arbitrary interference with, and infringement of, appellant's right to contract, and "was repugnant to that article of the state Constitution which provides that no citizen shall be deprived of liberty, property, privileges, or immunities, except by due process of the law of the land, and to those articles of the federal Constitution which provide that no person shall be deprived of liberty or property without due process of law, and that no state shall deprive any person of liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." Appellant argues that if correct in its contention that the stipulation in question was valid, then it would constitute a complete defense in this case (even though the pass was not honored by its employés) for the reason that the relation of licensee grew out of the holding of the pass by Mrs. Mullen, and would not have come into existence had it not been for her possession of the pass.

On the other hand, appellee contends that the question whether the stipulation in the pass is valid is immaterial in view of the facts of this case; that such stipulation, if valid, would not constitute a defense in this case because the pass had been repudiated by appellant in its dealings with Mrs. Mullen and therefore it could not invoke a provision contained therein to absolve it from damages for injuries inflicted upon her by negligence occurring after the repudiation of

the pass. Appellee contends, further, that if the stipulation be material, it is void under our decisions, and that no constitutional inhibition is contravened by holding it void.

Our conclusions upon the questions presented are as follows:

[1] 1. The condition in the pass, even if valid, could not be invoked in this case to relieve appellant from the payment of damages caused by its negligence. The mistake of fact on the part of Mrs. Mullen and the gateman would not have occurred had she not held the pass, and undertaken to ride thereon, but when she was told that it was not good on that train, appellant's employés in the discharge of their duty refused to recognize that any contractual relations existed by virtue of the pass, and it does not appear logical to us that appellant could nevertheless invoke a provision contained therein to protect itself from the consequences of its negligence.

[2, 3] 2. The stipulation in the pass, exempting the company from liability for injuries resulting from its negligence, is contrary to public policy, and therefore void, and the trial court in so holding did not contravene any of the constitutional provisions relied upon by appellant. This conclusion is probably contrary to the weight of authority (see Corpus Juris, vol. 10, p. 720), but is in accord with the rule obtaining in this state (Railway v. McGown, 65 Tex. 640; Railway v. Bean, 45 Tex. Civ. App. 52, 99 S. W. 721; Railway v. Flood, 70 S. W. 332; Railway v. Fenwick, 34 Tex. Civ. App. 222, 78 S. W. 548). Writs of error were refused in the Court of Civil Appeals cases cited. In the case of Sullivan-Sanford Lumber Co. v. Watson, 106 Tex. 4, 155 S. W. 179, the opinion in the McGown Case is accepted as conclusively settling the question in so far as the carriage of passengers upon public passenger trains may be involved.

The court did not err in making the rulings complained of, and the judgment is affirmed.