**TEXAS & P. RY. CO. et al. v. GRAHAM.\***
(No. 7032.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 28, 1923. Rehearing Denied Jan. 9, 1924.)

**1. Commerce ☞47 — That passenger, after checking baggage on intrastate trip, makes side trip into another state, does not make contract interstate.**

Where a passenger travels from one point to another within the state over different but connecting lines of railway on passes, and checks his baggage with the initial carrier for transportation to the point of destination, it makes no difference if at some intermediate point he discontinues the journey within the state temporarily and makes a side trip into another state; the contract not thereby becoming interstate in character.

**2. Railroads ☞5½, New, vol. 6A Key-No. Series—State law operative upon repeal of federal control.**

When Congress by the Transportation Act (U. S. Comp. St. Ann. Supp. 1923, § 10071¼ et seq.) repealed the war measures relative to federal control of railroads, the laws of the states relative to carriers again became operative.

**3. Commerce ☞10—In absence of federal legislation, state may legislate as to intrastate commerce, although interstate commerce affected.**

In the absence of congressional legislation, a state may legislate with reference to commerce within its limits, although interstate commerce may be affected thereby.

**4. Carriers ☞397½—In carrying baggage on free pass, carrier held to same degree of care as if ticket paid for.**

Common carriers undertaking the transportation of baggage on a free pass are held to the same degree of care as if the baggage were checked and carried on a ticket bought and paid for.

**5. Carriers ☞408(4) — Negligence inferred from loss of property or refusal to deliver on demand, where delivered to carrier as gratuitous bailee.**

Where property is delivered to a carrier as a gratuitous bailee, who refuses on demand to redeliver to the owner, or loses it, negligence is inferred from such facts without further proof, and the burden shifts to the carrier to refute the presumption that the loss was through negligence.

**6. Carriers ☞397½—Owner of baggage need not travel with it.**

The owner of baggage is not required to travel on the same train with it.

**7. Carriers ☞397½—That passenger deviated from route held not to affect carrier's liability for baggage.**

Where a passenger traveling on a free pass on an intrastate trip checked her baggage to destination and then made a side trip out of the state, returning to the point of departure and continuing the journey, held, that the carrier's liability to safely transport the baggage to destination was not thereby affected.

**8. Carriers ☞408(4)—Loss of baggage prima facie evidence of negligence.**

Loss of baggage is prima facie evidence of negligence of carrier.

Appeal from Cameron County Court; Oscar C. Dancy, Judge.

Action by Bernice S. Graham against the Texas & Pacific Railway Company and others. Judgment for plaintiff, and defendants appeal. Affirmed.

R. S. Shapard, of Dallas, E. H. Crenshaw, Jr., of Kingsville, and Robert Thompson, of Dallas, for appellants.

Seabury, George & Taylor, of Brownsville, for appellee.

COBBS, J. This suit was brought by appellee against the Texas & Pacific Railway Company, J. L. Lancaster and Chas. L. Wallace, receivers thereof, Missouri, Kansas & Texas Railway Company of Texas, and St. Louis, Brownsville & Mexico Railway Company, for the sum of $702.65, alleged damages for the loss of a trunk and its contents while being transported from Ranger, Tex., to Brownsville, Tex., on or about June 5, 1921. C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway of Texas, was impleaded as a codefendant.

Appellee delivered her trunk to appellants at Ranger, Tex., for transportation to Brownsville, Tex., upon passes issued to her by the railroads as a dependent daughter of James A. Graham, a member of the law firm of Graham, Jones & Williams, who are attorneys for the St. Louis, Brownsville & Mex-

ico Railway Company, and by virtue of such employment he was entitled as part of his compensation for services, to free transportation over that line for himself and his family, and over other lines of railway in accordance with an understanding in effect among said railway lines. Appellee had trip passes over all the lines except the St. Louis, Brownsville & Mexico Railway, over which she had an annual pass. And by virtue of these passes she was entitled to free transportation over said railway companies' lines to any point on said lines that she might elect.

Appellee presented her transportation, from Ranger to Brownsville, to the station agent of appellants at Ranger and advised him that she had an extra large wardrobe trunk containing wearing apparel, etc., which she wanted to have checked on such passes to Brownsville; and the agent thereupon issued to her a baggage check to transport the said trunk over said lines, subject to tariff regulations, via Fort Worth and Houston to Brownsville. Appellee took passage to continue her journey from Ranger, Tex., by way of Fort Worth, Tex., and Houston, Tex., to Brownsville, Tex., over said lines. When appellee arrived at Houston, Tex., she extended her journey by rail to Louisiana and Mississippi; the trunk, however, having been checked direct to Brownsville, Tex. She gave no notice to the agent at Ranger, who checked the trunk, of any intention to travel out of the state.

The defense was that by virtue of her accepting and using the passes she agreed to the conditions indorsed thereon, in part as follows:

"The person accepting and using this pass assumes all risk of accident and damage to person or property and expressly agrees that the carrier shall not be liable for any injury to person or any loss of damage to baggage which may occur while using this pass, whether caused by the negligence of the railway's agents or otherwise"—whereby appellants became mere gratuitous bailees of the trunk and its contents.

That by the use of said pass to make an interstate trip, the checking of said trunk was an incident of said interstate trip and constituted a part of said trip and was and is interstate commerce, and rendered appellants not liable for any damage which she may have sustained by the loss of her trunk and it contents. Appellants also plead that there was in existence at the time appellee took passage on their train and checked her baggage, a certain tariff known and designated as "Western Passenger Bureau Baggage Tariff No. 25-2," containing certain provisions in respect to the regulation of the limitation as to the value of baggage to be checked without additional charge, excess weight, etc., and providing that—

"Holders of free railroad or steamship passes assume all risk of damage to or loss of property; therefore they will not be accorded the privilege of declaring excess value on baggage checked on such transportation."

When the case was called for trial, appellee dismissed the Texas & Pacific Railway Company and the Missouri, Kansas & Texas Railway Company of Texas. The trial resulted in a judgment that appellee recover of appellant receivers the sum of $666.65, together with legal interest thereon from the 10th day of June, 1921, but that she take nothing against defendants C. E. Schaff, as receiver of the Missouri, Kansas & Texas Railway Company of Texas, and the St. Louis, Brownsville & Mexico Railway Company.

Appellee insists that we should not consider the appellants' brief, because the assignments are not set out at the back of the brief, as provided by rules 30 and 32 of this court, and because the propositions are placed in the front of the brief and do not refer to the assignments, and because there are no appropriate statements referring to any assignment or proposition, and cites in support of said motion Blakeney v. Johnson County (Tex. Civ. App.) 253 S. W. 333.

While the brief is out of the usual order of briefs and does not comply with the rules, it is a short case and there is enough in the brief to call our attention to the errors complained of, and we shall discuss the case from the viewpoint of the questions of law involved in the case, as they seem relevant and pertinent to the disposition thereof.

[1] A passenger who travels from one point to another in this state, over different but connecting lines of railway on passes, and secures from the initial carrier a contract represented by a check to transport the baggage of the passenger to the point of destination, it makes no difference if at some intermediate point he discontinues the journey within the state temporarily, and makes a side trip into another state, and shortly returns to the same point and continues the journey; and it does not change the contract, making it interstate in character, in the absence of any stipulation that requires the passenger to accompany his baggage. 10 Corpus Juris, 1203, § 1575 et seq.; White v. Railway Co. (Tex. Civ. App.) 86 S. W. 962.

The Transportation Act (U. S. Comp. St. Ann. Supp. 1923, § 10071¼ et seq.) referred to had no reference to the orders promulgated by the Director General of Railroads, but it expressly revoked all power and control of the President over the railroads of the country and by necessary implication all power and all orders of the Director General, who derived his power and authority from the President.

[2] It likewise provided that existing rates,

fares, charges, etc., shall continue in effect, had reference to rates, fares, and charges fixed by the Interstate Commerce Commission, or the Director General, and does not relate to mere ruling as to the railroads' liability for loss of goods. It did not repeal the statutes of this state, prohibiting railroads from limiting their common-law liability, but only superseded the operation of those statutes while said act was in force as a war measure, and when Congress by the Transportation Act repealed this war measure, the statutory laws of the states again became operative. 36 Cyc. 1099 and 1101; 12 Corpus Juris, p. 18; Texas & N. O. Ry. Co. v. Yerkes (Tex. Civ. App.) 156 S. W. 579; Houston & T. C. R. Co. v. Bright (Tex. Civ. App.) 156 S. W. 304; Sturgis v. Spofford, 45 N. Y. 446; Henderson v. Spofford, 59 N. Y. 131.

[3] A state many legislate, with reference to commerce within its limits, although interstate commerce may be affected thereby, in the absence of congressional legislation in respect thereto. Congress intrusted the Interstate Commerce Commission with certain national powers on the subject, and a failure on its part to change the rule as to the authority of the state when Congress has not acted leaves the matter subject to state legislation. 12 Corpus Juris, 16, 17, and 18.

[4] Common carriers undertaking the transportation of baggage on a free pass are held to the same degree of care as if the baggage were checked and carried on a ticket bought and paid for. Indeed, such passes as were given here were based on compensation for services rendered. Gulf, Colorado & Sante Fé Ry. Co. v. McGown, 65 Tex. 640; White v. Ry. Co. (Tex. Civ. App.) 86 S. W. 962.

[5] Where property is delivered to a gratuitous bailee, who refuses on demand to redeliver it to the owner, or loses it, negligence is inferred from such facts and circumstances without further proof, and the burden shifts to the carrier to refute the presumption that the loss was through negligence. 6 Corpus Juris, p. 1158, Sec. 160.

Demand was made of all of the appellants for the delivery of the trunk, and appellants were guilty of negligence in failing to deliver the same to appellee.

It is found as a fact that appellant received the trunk in question at Ranger, Tex., and failed, on demand, to deliver it to appellee, or to its connecting line, and therefore it was guilty of negligence.

[6] We do not think that any federal question arises in this case, as claimed, because appellee on her way from Ranger, Tex., to Brownsville via Houston, Tex., which was on her route home, temporarily discontinued her journey at Houston and made a trip into another state, that made her journey an interstate one, which affected her right to recover damages for the loss of her trunk which was separately checked. It is too well settled now by modern authorities that the owner of the baggage is not required to travel on the same train with her baggage. That might be impracticable; the baggage might not be delivered by the carrier and taken on the same train, or in its transit might become separated from the same train. It would be folly to require the owner of baggage, from time to time, to follow the baggage, make inquiries, or enter the baggage car for that purpose. If such an attempt were made, it is questionable whether or not the facilities would be offered to one to discover whether or not the baggage was on the same train constantly. That might have been correct in the days of ox cart travel, but not now on railroads operating fast and limited trains, and there is therefore no reason for any such rule. It is to be assumed, when the baggage is delivered and a check issued to cover its transportation, that that is all the passenger has to do.

A leading case on this subject is that of Alabama Great Southern Railway Co. v. Knox, 184 Ala. 485, 489, 63 South. 538, 49 L. R. A. (N. S.) 411. See, also, Adger v. Blue Ridge Railway Co., 71 S. C. 213, 222, 50 S. E. 783, 110 Am. St. Rep. 568; Larned v. New Jersey Central Railway Co., 81 N. J. Law, 571, 79 Atl. 289; McKibbin v. Wisconsin Central Railway Co., 100 Minn. 270, 110 N. W. 964, 9 L. R. A. (N. S.) 489, 117 Am. St. Rep. 689. Another leading case is that of St. Louis, etc., Ry. Co. v. De Witt, 115 Ark. 578, 171 S. W. 906.

[7] So then, we must reach the conclusion that the side trip made by appellee on her journey home in no way affected the liability of the carrier to safely transport the baggage to its destination, and, even if it did, the only effect would be to make the carrier's liability that of a gratuitous bailee.

To our mind the federal question, based upon appellants' propositions of law, had no reference to regulations that might exist in reference to carriers' liability for baggage; it had in mind the fixing of rates, fares, and charges or the value of the service rendered. No act of Congress of any order of the Interstate Commerce Commission has been presented in conflict with our statutes forbidding railroads to limit their common-law liability, as was sought to be done by the indorsement on appellee's passes. If that were shown, perhaps a different question would be presented. Congress and the Interstate Commerce Commission having failed to legislate or to prescribe any order, the Legislature of this state was left with full power to pass such laws as it saw proper.

While it may be that appellee did not disclose, at the time she entered on her trip, that she intended to discontinue her journey home and make the side trip into another

state, that cannot affect the question. It may be that appellee intended, or did not intend, as the case may be, to divert her trip at Houston for a while and then return again the same route; and it cannot raise a federal question and cannot affect her right to the recovery of the baggage which was transported wholly within the state. If it be said that appellant was a mere gratuitous bailee, and being such the burden was on appellee to prove that the loss occurred through the negligence of appellant, then, as a common carrier, having accepted the baggage on the free pass, it was held to the same degree of care as if the baggage were accepted on a ticket bought and paid for. White v. Ry. Co. (Tex. Civ. App.) 86 S. W. 962; G., H. & S. A. Ry. Co. v. Bean, 45 Tex. Civ. App. 52, 99 S. W. 721; Missouri Pacific Ry. Co. v. Ivy, 71 Tex. 409, 9 S. W. 346, 1 L. R. A. 500, 10 Am. St. Rep. 758; Abram v. G., C. & S. F. Ry. Co., 83 Tex. 61, 18 S. W. 321; Stamp v. Eastern Ry. Co. (Tex. Civ. App.) 161 S. W. 450.

[8] The loss of baggage is prima facie evidence of negligence. 6 Corpus Juris, p. 1158, § 158. The rule is that in all actions founded on negligence the burden is upon plaintiff to establish negligence by proof; but the rule adopted in the modern decisions is that the proof of loss or injury establishes a sufficiently prima facie case against the bailee to put him upon his defense; and where chattels are delivered to a bailee in good condition and are lost or not returned at all, the law presumes negligence to be the cause and casts upon bailee the burden of showing that the loss is due to other causes consistent with due care on his part. Bagley v. Brack (Tex. Civ. App.) 154 S. W. 247; Powell v. Hill (Tex. Civ. App.) 152 S. W. 1125; Hislop v. Ordner, 28 Tex. Civ. App. 540, 67 S. W. 337; Cochran v. Walker (Tex. Civ. App.) 49 S. W. 403.

We have carefully considered all the issues raised in appellants' brief, presenting both the federal question and statutory defenses, and we have reached the conclusion that the case has been rightly decided, and the findings of the court support its judgment.

We find no reversible error properly raised or assigned, and the judgment of the trial court is, accordingly, affirmed.