## U. A. Pope v. W. D. Taliaferro.

### Decided June 3, 1908.

**1.—School Land—Sale—Specific Performance—Settlement.**

Where defendant relied upon an allegation that plaintiff, suing for specific performance of a contract to convey school land held by defendant under an executory contract of purchase from the State, was not in a position to become a purchaser, not being an actual settler, an allegation by plaintiff that he resided within a radius of five miles from the land and was not disqualified from becoming a purchaser was sufficient to show his right to purchase, as against a general demurrer.

**2.—Contract—Specific Performance—Consideration—Parol Evidence.**

In an action for specific performance of a contract to convey land for a recited consideration, performance of which was shown, defendant could prove a parol cotemporaneous agreement for an additional consideration, not performed, to defeat plaintiff's right to a conveyance.

**3.—Contract—Specific Performance—Parol Condition.**

In a suit for specific performance of a contract to convey land, defendant could prove a parol cotemporaneous agreement showing that the contract was made and delivered on condition that it was not to be operative in certain contingencies, which had occurred.

**4.—Contract—Alteration.**

Evidence that the written contract sued on, which had been since its execution in the possession of plaintiff, did not contain, at the time of its delivery, a material interlineation appearing in the instrument offered, was sufficient to demand the submission of the issue of its alteration by plaintiff, by a requested instruction so doing.

**5.—Same—Burden of Proof.**

Where plaintiff is shown to have made a material alteration in the contract sued on, the burden is upon him to show that it was done with the consent of defendant.

**6.—Alteration of Instrument—Specific Performance.**

Specific performance of a contract materially altered by the plaintiff will not be decreed though the parties have subsequently agreed on a partition of the land in accordance therewith.

**7.—Charge—Ignoring Issues.**

An instruction is erroneous which directs a verdict for plaintiff without regard to the issues arising on other defenses than the one which it holds insufficient.

**8.—Charge—Burden of Proof.**

An instruction is erroneous which places on defendant the burden of disproving matters relied on by plaintiff as an estoppel of defendant by partition of the land in controversy.

**9.—Charge—Omission.**

Failure to submit an issue is not ground for reversal in the absence of a requested charge submitting it.

Appeal from the District Court of Franklin County. Tried below before Hon. P. A. Turner.

*R. T. Wilkinson,* for appellant.—Before the plaintiff could comply

with the law as assignee of the defendant he would have to be an actual settler on the land in controversy, the land being public school land, and such facts would have to be plead. Revised Statutes of 1895, arts. 4218j, 4218k; Spence v. Mitchell, 96 Texas, 43; Williams v. Finley, 99 Texas, 468; Dugat v. Means, 14 Texas Ct. Rep., 557.

The true consideration of a written instrument can always be shown by parol and parol evidence can always be introduced to show an additional consideration for a written instrument not expressed therein, where the recitation of the consideration in the contract is not itself a contract. Taylor v. Merrell, 64 Texas, 494; Johnson v. Elmen, 24 Texas Civ. App., 43; Johnson v. Elmen, 94 Texas, 168; 1 Greenleaf on Evidence, sec. 284a and 285; 17 "Cyc," 684, sub. 9; Womack v. Wamble, 7 Texas Civ. App., 274; Sanger v. Miller, 26 Texas Civ. App., 111.

The rule of law prohibiting parol evidence to prove anything that would add to or vary the terms of a written contract, does not prohibit a person from proving the making of an independent contract by parol that the written contract should not take effect until the happening of a certain contingency and showing that such contingency had never happened; thus showing that the contract had never had any binding effect. Franklin v. Smith, 1 Posey U. C., 229; Etter v. Dugan, 1 Posey, U. C., 175; Hansen v. Yturria, 48 S. W., 795; Jamestown Business College Assn. v. Allen, 92 Am. St. Rep., 740; 17 "Cyc," 641 (6).

Any alteration or change in a written instrument which makes it different from what it was before the interlineation or change is made and prejudices the maker in any manner is a material alteration, and if made after the execution of the instrument without the knowledge or consent of the maker, renders the instrument void. Simpkins on Contracts, 247; 1 Greenleaf on Evidence, 704, secs. 565-68; Park v. Glover, 23 Texas, 469; Otto v. Halff, 89 Texas, 384.

Where there is evidence that an instrument in writing has been altered and that the instrument when so altered was in possession of the party for whom the same was made and delivered, the burden is on the party claiming under the same to show that such alteration was made with the consent of the grantor. Dewees v. Bluntzer, 70 Texas, 408; Bradley v. Owsley, 19 S. W., 340; Zanderson v. Sullivan, 91 Texas, 499; Sullivan v. Zanderson, 42 S. W., 1027.

Where a person is claiming specific performance of a contract to convey land and the contract fails to describe land sufficiently or fails itself to furnish data from which such description can be made definite, such instrument is the same as if the whole contract had been verbal. And to take contract out of the statute of frauds one must show part performance thereof, that is, the payment of the purchase money, possession and the making of permanent valuable improvements. Jones v. Carver, 59 Texas, 294; Weatherford M. W. & N. W. Ry. Co. v. Wood, 88 Texas, 194; Lodge v. Leverton, 42 Texas, 25; Murphey v. Stell, 43 Texas, 124; Jones v. Male, 26 Texas Civ. App., 181; Terry v. Craft, 13 Texas Ct. Rep., 396; Penn v. Texas Yellow Pine Lumber Co., 35 Texas Civ. App., 181; Carmack v. Prather, 7 Texas Ct. Rep., 139; Patterson v. Patterson, 27 S. W., 838.

The court erred in the fourth paragraph of his charge to the jury requiring the defendant to produce a preponderance of the testimony that

the parties did not go onto the land and divide it out and take possession of their respective parts; because such charge placed such burden of proof on the defendant. Clarke v. Hills, 67 Texas, 148.

*R. E. Danforth,* for appellee. (No briefs for appellee were found on file. The following points and authorities are from a motion for rehearing, which was overruled.)—The ruling of the District Court was correct for the reason that this was an attempt to vary a written instrument with parol testimony. If this testimony had once been admissible it was not when the case was tried for the reason that Pope had with full knowledge of the facts ratified this contract. Weaver v. City of Gainesville, 1 Texas Civ. App., 286; see cases cited in brief.

The defendant should not have been allowed to prove that at the time of the execution of the instrument it was agreed that unless Pope should win the case of Anthony v. Pope, Taliaferro would not demand a conveyance under the contract and the contract should be null and void. This testimony was clearly inadmissible for the reason that it was a plain effort to vary a written instrument by parol testimony. Dolson v. DeGanahl, 70 Texas, 620; Lainius v. Shuber, 77 Texas, 27; Byars v. Byars, 11 Texas Civ. App., 565; Belcher v. Mulhall & Scaling, 57 Texas, 18; Willis v. Byars, 2 Texas Civ. App., 134; Heirs of Watrous v. McKie, 54 Texas, 71; Wooters v. International & G. N. R. R. Co., 54 Texas, 299; Milliken v. Callahan County, 59 Texas, 210; Coverdill v. Seymour, 94 Texas, 1; Galveston, H. & S. A. R. R. Co. v. Peueffer, 56 Texas, 73; Texas & P. Coal Co. v. Lawson, 10 Texas Civ. App., 491; Faires v. Cockerell, 88 Texas, 428; Newton v. Newton, 77 Texas, 511; Hansen v. Yturria, 48 S. W., 797; Norris v. Graham, 42 S. W., 575; Taylor v. Merrill, 64 Texas, 495.

The court erred in holding that the alteration was material; the contract already had a sufficient description of the land sued for or contracted about; and if this land was, after the execution of the contract, divided between the parties and the lines run on the ground and Pope turned over the half in controversy to Taliaferro, this was an executed contract and the alteration became immaterial. 1 Greenleaf on Evidence, 659.

The charge complained of in the 10th assignment was, under the facts of this case when taken in connection with the balance of the charge, a correct statement of the law of the case. 1 Greenleaf on Evidence, 659; Brock v. Jones, 16 Texas, 461; Houston, etc., R. R. Co. v. Chandler, 51 Texas, 420.

RICE, ASSOCIATE JUSTICE.—This suit was instituted by appellee, as plaintiff, against appellant, to enforce specific performance of a written contract to convey one-half of a section of State school land surveyed for the B. B. B. & C. R. R. Co., situated in Franklin County, Texas. Plaintiff alleged, among other things, that after execution of said contract, plaintiff and defendant made a parol partition of the land between them, but that defendant refused, upon demand, to make plaintiff a deed for his half thereof.

Defendant filed a general demurrer and specially excepted to the petition on the ground that it did not allege what land he agreed to

convey, nor did it furnish any means of identification thereof, nor were sufficient facts pleaded to take the contract out of the statute of frauds; and also specially excepted to said petition, because it appeared therefrom that the land which defendant agreed to convey was public school land, and it was not shown that plaintiff could comply with the law in the purchase thereof.

By an amended petition plaintiff alleged that he lived within a radius of five miles of said land, and had been so living ever since the same was purchased by defendant from the State, and that he was not disqualified from becoming a purchaser thereof, and that he was in a position to comply with all the legal requirements as assignee of said land, and to receive patent therefor.

Defendant by sworn plea denied that he executed the written contract sued upon, in that he alleged that since the execution thereof the same had been altered without his consent; that plaintiff had been in possession of said contract since its execution and had inserted and interlined therein and added thereto the following words: "Surveyed for the B. B. B. & C. R. R. Co. in Franklin County, Texas;" that the original contract described the land as "one-half of section No. 374, State school land," and gave no further description thereof. Defendant plead a failure of consideration for said contract, in that when the same was executed it was agreed by plaintiff that he should assist in defending the suit of Anthony et al. v. Pope, then pending in the District Court of Franklin County; that said contract likewise provided that the defendant was to convey to plaintiff one-half of the Thomas Casey survey of land in Franklin County, which was in litigation in said case of Anthony v. Pope, and which had formerly been conveyed to him by plaintiff as agent and attorney in fact for W. M. Taliaferro, but which was alleged to be the property of plaintiff, and that plaintiff agreed to assist in defense of said case, paying one-half of all expenses of said suit, including court costs and attorney's fees, which he had wholly failed to do. Defendant likewise plead under oath that at the time of the execution of said contract, it was further agreed that if the defendant should lose the Casey land in the suit then pending, that the contract upon which this suit was based should be regarded as never having been made, and that he would not demand a deed for said land, but that this stipulation was not embodied in said written contract because the plaintiff insisted that it would not be necessary to do so. That the consideration expressed in said written contract was the delivery to the defendant of certain notes executed by him to J. M. Taliaferro, as the purchase money for the Casey land, and which he alleged had always been the property of plaintiff, and was delivered to him (plaintiff) at the time of their execution as his property, he not having acquired them in course of trade, and that he would not have executed said written contract sued upon but for said agreement on the part of plaintiff. He likewise alleged that since the making of said contract the said Anthony had recovered the Casey land from him and dispossessed him thereof, and that the title thereto had failed; and he further plead that the plaintiff agreed that he would see that the title to the Casey land was cleared of all adverse claims as a part of the consideration for the execution of said contract. And further alleged that plaintiff, in case specific performance

should be decreed, could not comply with the law and become a purchaser of said land, because the same was school land.

By his first and second assignments of error, appellant complains of the action of the trial court in overruling his general and special exceptions to plaintiff's petition. It appears from said petition that defendant had purchased the land in question, and that plaintiff resided within a radius of five miles thereof, and was not disqualified from becoming a purchaser, and that he was in a position to comply with the legal requirements as assignee thereof.

We are inclined to believe these allegations were sufficient and disagree with appellant in his contention and overrule these assignments.

By his third assignment of error appellant urges that the court erred in refusing to permit him to prove by the witnesses Price and Smith, as well as by his own testimony, that there was another consideration for the execution of the contract sued on other than that expressed therein, which was that the plaintiff Taliaferro agreed that he would assist in defending the suit of Anthony v. Pope, then pending in the District Court of Franklin County, Texas, and pay one-half of all expenses of said suit, and one-half of the attorney's fees, and that said plaintiff wholly failed to comply with said contract. The consideration expressed in the contract was the surrender and delivery to Pope by plaintiff of certain vendor's lien notes executed by him in payment for the Casey land. Upon the trial defendant proposed to prove by Smith and Price that at the time of the execution of the contract sued upon, the consideration therein expressed, which was the return of the above named notes, was only a part of the real consideration for the execution of said contract, and that it was further agreed that the plaintiff Taliaferro would assist in defending the suit then pending in the District Court of Franklin County by Anthony against Pope, involving the title to the Casey land, which was a part of the land that Pope agreed to convey as mentioned in said contract, and which had been previously conveyed to Pope by Taliaferro, and that plaintiff would likewise pay one-half of all the expenses of said suit, including one-half of the attorney's fees and court costs; said testimony being offered for the purpose of showing an additional consideration for the execution of said contract to that mentioned therein. Plaintiff objected to said testimony upon the ground that it was an attempt to vary by parol the terms of a written instrument, which objections were sustained.

In our judgment this evidence was permissible and should have been admitted. It was held in Taylor v. Merrill, 64 Texas, 494, that when the whole consideration is not expressed in a written contract, parol evidence is permissible to supply the deficiency, but it can not establish a consideration inconsistent with that expressed in the written contract. The right to vary or add to the consideration of a contract by parol is, as a general rule, confined to the parties to the contract. (Johnson v. Elmen, 24 Texas Civ. App., 43; Johnson v. Elmen, 94 Texas, 168; Greenleaf on Ev., vol. 1, secs. 284a and 285; "Cyc," vol. 17, p. 684, sub. 9; Womack v. Wamble, 7 Texas Civ. App., 274; Sanger v. Miller, 26 Texas Civ. App., 111; Martin v. Rotan, 66 S. W., 212.)

Appellant's fourth assignment of error, in effect, raises the same question as presented in his third, and is therefore sustained.

By his fifth assignment of error it is urged that the court erred in refusing to permit defendant to show by the witnesses Price and Smith that at the time of the execution of the written contract sued upon, it was in fact executed and delivered upon condition that it should not become binding unless judgment resulted in favor of defendant in the case of Anthony v. Pope, and upon the further express agreement that the plaintiff would assume all liability of J. M. Taliaferro under the warranty to the Casey land, and would acquire title thereto, and that in case such suit should result in favor of the Anthonys that he would not demand any conveyance of the land sued for herein; and, further, to show by said witnesses that said contract was not enforcible for the reason that the defendant was dispossessed of the Casey land in said suit by judgment of the District Court of Franklin County.

We think this assignment should be sustained, because in our judgment it was competent to show in this case that said contract did not become operative and that plaintiff had no right thereunder to demand specific performance thereof, if the conditions upon which it was given had not been complied with. It seems from this testimony, if allowed, defendant could have shown that it was agreed between him and plaintiff that in the event he should be defeated in the suit then pending for the Casey land, that he would not be required to convey to plaintiff the half section of land mentioned in said contract, and that this feature of said agreement was omitted from said contract by reason of the statement on the part of plaintiff that it was not necessary to insert the same therein. Where a contract is made and delivered under an agreement that it shall not become binding, except upon certain conditions it would be competent to prove the conditions upon which the contract was executed, and to show in defense that the same had not been complied with, notwithstanding such conditions were not expressed therein. (Franklin v. Smith, 1 Posey's U. C., 229; Etter v. Dugan, 1 Posey, U. C., 175; Hansen v. Yturria, 48 S. W., 795; Henry v. McCordell, 15 Texas Civ. App., 497; Peel v. Giesen, 21 Texas Civ. App., 334; Thomas v. Hammond, 47 Texas, 42; Johnson v. Elmen, 94 Texas, 168; Vol. 2 Rose's Texas Notes, 795.)

Appellant by his sixth assignment of error urges that the court erred in refusing to give his special charge to the effect that if the jury should find from the evidence that the words "surveyed for the B. B. B. & C. R. R. Co. in Franklin County, Texas," had been interlined and added to the contract since its execution, and without the consent of the defendant, such change and alteration would constitute a material alteration, and they should find for the defendant. By his proposition thereunder he urges that any alteration or change in the written instrument which makes it speak differently from what it was before the interlineation or change was made, and places a different effect on it and prejudices the maker in any manner, is a material alteration and if such alteration or change is made after the execution of the instrument, without the knowledge or consent of the maker, such change renders the instrument void, and no action can be maintained thereon.

The defendant, it will be recalled, plead an alteration in the contract, claiming that the contract as originally made read: "Section No. 374, State school land," while the instrument sued on had these words therein,

to wit: "Surveyed for B. B. B. & C. R. R. Co., situated in Franklin County, Texas," and it was contended that said interlineation had been made since the execution of said instrument. There was testimony to the effect that plaintiff had had possession of said instrument since its execution, and considerable evidence to the effect that at the time of its execution, said interlineation was not contained therein, and there is some evidence going to show that the same had been made since the filing of this suit. Under this state of the evidence, we think the charge was pertinent to the issues as made by the evidence and pleading and ought to have been given. (Simpkins on Contracts, 247; Greenleaf on Ev., vol. 1, p. 704, secs. 565, 568; Park v. Glover, 23 Texas, 469; Otto v. Halff, 89 Texas, 384.)

For the same reason we sustain appellant's seventh assignment of error. (Dewees v. Bluntzer, 70 Texas, 408.)

The court did not err in refusing appellant's special instruction No. 3.

We sustain appellant's ninth assignment of error, complaining of the charge of the court in the first and second paragraphs thereof, placing the burden of proof upon the defendant as to showing that the alleged alteration and change was made without his consent, because it appeared from the evidence in this case that there had been an interlineation or change in the instrument, and there was evidence going to show that said change was made since its execution. In such state of case the burden is on the party claiming under the instrument to show, in the first place, that there was no change; and, in the second, if there had been a change that the same was made with the consent of the maker of the instrument offered in evidence.

We sustain appellant's tenth assignment of error complaining of the charge of the trial court, which in effect instructed the jury that even though they should find that the contract had been interlined and altered and the words "surveyed for the B. B. B. & C. R. R. Co. in Franklin County, Texas," had been added to the description since its execution, without the knowledge or consent of defendant, still, that if they should find that the parties went upon the land and divided it, each party taking one-half and went into possession of the same, and the defendant sold his part thereof, and the land was the same that defendant contracted and agreed to convey to plaintiff in said written contract, to find for plaintiff. This charge was error, in that it misdirected the jury relative to a material part of said contract, for if the interlineation had been made without the knowledge or consent of defendant, then no recovery could have been had thereunder. Apart from this, it misdirects the jury as to the law relative to specific performance, in that it fails to recite and require the doing of other acts necessary for the enforcement of specific performance, such as the payment of the purchase money, possession, and placing valuable and permanent improvements thereon; and, further, because the facts in evidence, in our opinion, did not justify said charge. (Jones v. Carver, 59 Texas, 294; Weatherford M. W. & N. W. Ry. Co. v. Wood, 88 Texas, 194; Ann Berta Lodge v. Leverton, 42 Texas, 25; Murphy v. Stell, 43 Texas, 124; Jones v. Male, 26 Texas Civ. App., 181; Terry v. Craft, 13 Texas Ct. Rep., 396; Penn v. Texas & P. Lumber Co., 35 Texas Civ. App., 181; Carmack v. Prather, 7 Texas Ct. Rep., 139; Patterson v. Patterson, 27 S. W., 838.)

Appellant's eleventh assignment of error is sustained, because the charge of the court incorrectly places the burden of proof upon the defendant.

The twelfth assignment of error, wherein it is contended that the court erred in failing to submit the question of total failure of consideration for the execution of said contract to the jury, is overruled, because if appellant desired such charge, it was his duty to prepare and ask the court to give it.

For the errors indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*