## BAINES v. KOHLER & CAMPBELL. (No. 802.)

(Court of Civil Appeals of Texas. El Paso. Feb. 28, 1918.)

EVIDENCE ⟝420(7)—BILLS AND NOTES—DEFENSES—VARYING WRITTEN INSTRUMENTS.

In an action on promissory notes, defendant's allegations that the parties orally agreed the notes should not become effective, unless plaintiff advanced certain credit to one of the defendants, and that plaintiff had failed to do so, present a good defense, since it does not seek to vary the written notes, but only to postpone their effective date.

Appeal from El Paso County Court; E. B. McClintock, Judge.

Suit by Kohler & Campbell against George W. Baines, Jr., and others. Judgment for plaintiff, and named defendant appeals. Reversed and remanded.

J. C. Brooke and R. H. Crews, both of El Paso, for appellant. F. E. Hunter and R. B. Redic, both of El Paso, for appellee.

HARPER, C. J. This suit was instituted by Kohler & Campbell, a corporation, against

H. T. Luthy, George W. Baines, Jr., H. S. Wigle, and J. H. Derrick, upon three promissory notes for $250 each, with interest and attorney's fees. The defendants, for defense, alleged:

That Luthy was indebted to plaintiffs upon open account in the sum of $1,000, or near that sum. That George W. Gittins, as agent of plaintiff, proposed that the account should be evidenced by promissory notes, with security. That said Luthy was then and now insolvent, which was well known to plaintiffs. That it was further proposed by said agent that if he would execute the notes with security, that as a consideration therefor plaintiffs would ship to Luthy a player piano. That by a parol contemporaneous agreement it was further agreed "that plaintiffs would furnish to defendant Luthy (principal on said notes) pianos of any and all varieties as they might be ordered and requested by said Luthy after he (said Luthy) should find and procure purchasers therefor upon terms of cash or credit, or partially in cash and on credit, and if on credit terms to be satisfactory to and with plaintiffs, and, further, to open to, and confer upon, defendant Luthy a general line of credit with plaintiffs (plaintiffs being piano dealers of a wholesale nature) which would, it was then and there agreed, enable said Luthy to deliver pianos to purchasers after sale thereof upon terms of cash or credit, or partially cash and credit, as the cases might be, and that all profits so made by said Luthy should be, it was then and there agreed, credited upon said notes. That it was furthermore understood and expressly agreed then and there by and between all defendants and plaintiffs (plaintiffs acting through their said agent) that said notes and none of them should in any manner or in any respect be or become effective or binding until the conditions named above were met by plaintiffs, to wit, until the extension of credit in accordance with the agreement had been actually made to defendant Luthy, and opened to him by plaintiffs, as before alleged.

"Sixth. Defendants Baines, Wigle, and Derrick aver that prior to delivery and execution of the notes mentioned unto plaintiffs on said day and as an express condition precedent thereto which they and each of them agreed and understood with plaintiffs, and to which plaintiffs then and there agreed, they, the said defendants, relied upon and were moved solely by the dependent collateral agreement, mentioned in the preceding paragraph hereof, as well as the further agreement that said notes should not be effective or binding until said agreement was met by plaintiffs; that the material fact constituting the basis on which said three defendants signed said notes as sureties was the parol contemporaneous agreement mentioned in the preceding paragraph thereof, and that plaintiffs, through their said agent, then and there expressly promised defendants and represented unto them that said agreement would be in all things met and carried out on plaintiffs' part, further representing to defendants that they had always extended a line of credit to said Luthy, principal, as their salesman, and would do so as per the agreement herein, he being their salesman at such time."

That Luthy procured purchasers as provided by the agreement, but plaintiff refused to comply with the said agreement and ship the pianos ordered, etc.

The plaintiff filed demurrers to this petition upon the ground that the matters alleged were in the nature of confession and avoidance and constituted no grounds of defense to the notes, which was sustained, and judgment was entered for the balance due upon the notes, interest, and attorney's fees, from which judgment George A. Baines, Jr., appeals.

The proposition which is asserted by appellant and denied by appellee is:

"Where notes were made and delivered under a parol contemporaneous agreement that they should not become binding except on certain conditions, to allege and prove the conditions is a good defense to the notes sued upon."

In Watson v. Rice, 166 S. W. 108, the rule applicable is clearly stated as follows (quoting Elliott on Contracts, § 1636):

"The general rule which excludes parol evidence, when offered to contradict or vary the terms, provisions, or legal effects of a written instrument, is subject to many qualifications. Among these qualifications is one to the effect that conditions relating to conditions precedent may be shown by extrinsic evidence. A party who concedes that the instrument evidencing the contract was placed in the possession of the party seeking relief, but claims that the latter took it with the understanding that it was not to go into effect until the happening of some other or further event, and that such event has not transpired, is not considered as one seeking to vary or contradict a written contract, but is one endeavoring to show that no contract between the parties ever in fact came into existence. For this reason evidence of such conditions precedent is held admissible. The cases which so hold merely give recognition to the well-settled rule that an instrument may be delivered by one party to another to take effect on the happening of a contingency, and that, by such collateral agreement, the legal operation of the writing is merely postponed until the happening of the contingency. * * * We think the court did not err in admitting the testimony and in overruling the exceptions and submitting the question to the jury. Merchants' Nat. Bank v. McAnulty, 31 S. W. 1091; Id. 89 Tex. 124, 33 S. W. 963; Downey v. Hatter, 48 S. W. 32; Pope v. Taliaferro [51 Tex. Civ. App. 217] 115 S. W. 309; Mfg. Co. v. Powell, 78 Tex. 53, 14 S. W. 245; I. & G. N. Ry. Co. v. Dawson, 62 Tex. 262."

See cases there cited; also Burke v. Dulaney, 153 U. S. 228, 14 Sup. Ct. 816, 38 L. Ed. 698. It will be noted that the allegation is:

"That it was expressly agreed and understood then and there by and between all defendants and the plaintiff that said notes and none of them should in any manner or in any respect be or become effective or binding until the conditions named above were met by plaintiff, to wit, until the extension of credit in accordance with the agreement had been actually made to defendant and opened to him as hereinbefore stated."

This does not tend to vary the terms of the writing, but to postpone its legal operation until the happening of the contingency, so it presents a good defense to the notes. Therefore it was error for the court to sustain the demurrer.

The cause is therefore reversed and remanded for a rehearing.