## FARMER et al. v. EDELBROCK.
### No. 1728—6154.

Commission of Appeals of Texas, Section A.
Dec. 30, 1933.

Chandler & Keith and E. T. Chandler, all of Stephenville, for plaintiffs in error.

R. L. Thompson, of Stephenville, for defendant in error.

HARVEY, Presiding Judge.

This suit was brought by the plaintiffs in error, T. E. Farmer, the administrator of the estate of J. W. Farmer, deceased, and the heirs of said J. W. Farmer, against R. R. Farmer to recover on a vendor's lien note for $4,140 executed by the latter to J. W. Farmer, and to foreclose the vendor's lien securing said note. Frank Edelbrock intervened, seeking to recover on a vendor's lien note for $860 executed by R. R. Farmer, which, so the intervener claims, constitutes a prior lien on the land in question. In the trial court, the case was tried before the court without a jury, and judgment was rendered against R. R. Farmer in favor of the plaintiffs in error for the amount of the $4,140 note, and in favor of the intervener, Frank Edelbrock, for the amount of the $860 note, with foreclosure of the vendor's lien to satisfy both notes. The priority claimed for the last-mentioned note was denied. Frank Edelbrock appealed, and the Court of Civil Appeals reformed the trial court's judgment so as to allow the $860 note priority of payment from the proceeds of the foreclosure sale. 43 S.W.(2d) 456, 457.

The facts are substantially as follows: On October 12, 1925, J. A. Edelbrock and wife executed a general warranty deed conveying to R. R. Farmer a certain tract of land in Erath county. For the consideration for the land, R. R. Farmer executed his two promissory notes as follows: One note for $860 payable to J. A. Edelbrock; and one note for $4,140 payable to J. W. Farmer. The execution of these notes is recited in said deed, and to secure payment of same the vendor's lien is expressly retained in the deed, without any provision in either of said notes, or in said deed, for the priority of payment of one note over the other. The deed was duly acknowledged and delivered by the grantors, and was duly recorded on October 13, 1925. On January 14, 1928, the same deed, containing an interlineation as hereinafter stated, was again filed for record and was again recorded. When the deed was so refiled and rerecorded, the following words appeared interlined between the warranty clause and the attestation clause, to wit: "Said $860.00 note being a first lien and the $4,140.00 note a second lien." This interlineation did not appear in the deed when same was executed in October, 1925, or when same was recorded the first time. J. W. Farmer died seven days before the deed was filed for record the second time. On July 10, 1928, J. A. Edelbrock assigned the $860 note to the defendant in error, Frank Edelbrock.

In support of his claim for superiority of the $860 note held by him, Frank Edelbrock offered the testimony of R. R. Farmer to the following effect: That at the time the deed in question was executed in October, 1925, it was agreed by and between the grantors in the deed and J. W. Farmer that the $860 note was to constitute a first lien and the $4,140 note a second lien on the land, but that the scrivener who drew the deed failed to state such fact in the deed; that several months after the deed was executed and recorded, the fact of such omission was discovered, and J. A. Edelbrock sent for the scrivener, J. W. Stitt, for the purpose of having him make the necessary correction; that the witness, R. R. Farmer, was present when the correction was made by Stitt, by inserting in the deed the interlineation mentioned above; and that such interlineation was made in the presence and at the request of J. A. Edelbrock and J. W. Farmer. The plaintiffs in error objected to this testimony on the ground that same was rendered inadmissible by article 3716 of the Revised Statutes, which provides as follows: "In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall

extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

The objection of the plaintiffs in error was sustained by the trial court, and the proffered testimony of R. R. Farmer was excluded from evidence. We are of the opinion that the trial court erred in sustaining said objection. The statute mentioned does not apply to a situation like this. Although R. R. Farmer was a party to the suit, he was not interested in the subject-matter of the dispute between the plaintiffs in error and Frank Edelbrock, namely, the matter of priority of payment of the $860 note from the proceeds of the foreclosure sale. The adjudication of that question would in no event affect the liability of R. R. Farmer to any of those disputants, or interfere with the foreclosure of the lien on the former's land. So far as R. R. Farmer is concerned, he would remain liable for the payment of both notes, and the lien securing same would be subject to foreclosure, regardless of whether J. W. Farmer agreed to subordinate the $4,140 note to the other note or not. In this situation, the proposed testimony of R. R. Farmer does not fall within the intent of the statute. Oury v. Saunders, 77 Tex. 278, 13 S. W. 1030; Commerce Farm Credit Co. v. Albritton (Tex. Com. App.) 17 S.W.(2d) 784.

■■ The only testimony admitted in evidence, respecting the alleged agreement by J. W. Farmer to subordinate his $4,140 note to the $860 note, was the testimony of the scrivener, Stitt, which was introduced by Frank Edelbrock. The testimony of Stitt was in all material respects substantially the same as the proposed testimony of R. R. Farmer, above recited, which was excluded from evidence. It is contended that this testimony of Stitt, being undisputed, shows, as a matter of law, that J. W. Farmer was a party to the alleged agreement respecting the priority of the $860 note, and authorized Stitt to make the interlineation in the deed that he did, and therefore the action of the Court of Civil Appeals reforming the trial court's judgment and affirming same as reformed, was justified. We do not agree that this contention is sound. In the first place, J. W. Farmer is dead, and controverting testimony from that quarter was not available to the plaintiffs in error; and in the second place, the remarkable circumstance that the terms of the deed were materially altered by the witness Stitt, long after same had been duly executed and recorded, was a proper subject for consideration by the trial judge in determining the weight to be given to the testimony of said witness. Schumann v. Ins. Ass'n (Tex. Com. App.) 286 S. W. 200.

We recommend that the judgment of the trial court, and that of the Court of Civil Appeals, be reversed and the cause remanded.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.