Finding no error in the record, the judgment is affirmed.

**CITIZENS STATE BANK OF LINDEN et al. v. RAND et al.***

**No. 3621.**

Court of Civil Appeals of Texas. El Paso.
Feb. 24, 1938.

Rehearing Denied March 17, 1938.

Second Motion for Rehearing Denied
March 24, 1938.

*For supplemental opinion, see 116 S.W.2d —.

H. S. Garrett, of Fort Worth, and Newland & Cornett, of Linden (C. R. Newland, of Linden, of counsel), for appellants.

Pippen & Salmon, of Linden, and Jones & Jones, all of Marshall, for appellees.

WALTHALL, Justice.

Ed Rand and a large number of others, not necessary to name individually, as plaintiffs, and as the surviving heirs of Dick

Rand and Juliann Rand, both deceased, brought this suit in Cass county, in trespass to try title to the land described in the petition, consisting of 100 acres, more or less, and alleged that it was the intention of plaintiffs to describe and include all property owned or claimed by Dick Rand and Juliann Rand during their lifetime east of the railroad track of the Texas & Pacific Railway and adjoining the tract commonly called the Dick Rand 200-acre farm. Plaintiffs in their petition except from the 100 acres described, and which is not included in the suit, 45 acres of the 100 acres of land, being the south portion thereof, and fully described by metes and bounds.

Plaintiffs in their petition state or classify themselves in separate family groups, in their individual or family relationship to Dick Rand and Juliann Rand, but which we need not state here.

Plaintiffs sue as defendants a large number of individuals, partnerships, the members named, and corporations, as claiming to own or have some interest in said land or mineral interest in said land. The parties sued as defendants we need not state, but including as defendants Citizens State Bank of Linden, a copartnership, the members stated, the Texas Company, and Mote Rand.

Plaintiffs alleged that Dick Rand and Juliann Rand each died intestate, and that no administration exists or has existed upon their respective estates, and that no necessity therefor exists.

Plaintiffs assert a fee-simple title to said land in themselves; that defendants unlawfully entered upon and dispossessed them and hold possession from them; that said property is believed to be valuable oil and mineral bearing property; that had possession not been withheld from them land plaintiffs' title clouded by defendants large sums of money could have been realized by sale of royalty interest on said property, and state the sum at $6,000.

Plaintiffs state the interest of defendant Mote Rand in said property as a one-ninth interest, and that his interest should be partitioned.

Plaintiffs allege that defendant Citizens State Bank of Linden and its assignees and transferees are asserting some right in said property by virtue of a sheriff's deed under a judgment against Ed Rand; and that Citizens State Bank of Linden and its assignees further claim title to said property under a warranty deed of record from plaintiff Pearl Taylor to what is referred to as the "Pearl Taylor or Bank tract." Plaintiffs deny that said defendants acquired title of any of plaintiffs to the minerals under said lands, for the reason that the title to said minerals was excepted from the grant made and reserved in himself in the deed from Dick Rand to Ed Rand.

Plaintiffs allege that said property is capable of partition as to some, but if not, particularly as to defendant Mote Rand, plaintiffs are cotenants with said defendants, and that their respective rights and title should be set aside and partitioned, and the respective parts owned by plaintiffs and defendants respectively vested in said respective parties.

Plaintiffs plead the statutes of limitation of three, five and ten years, Vernon's Ann. Civ.St. arts. 5507, 5509, 5510.

Plaintiffs pray that they have judgment against each defendant for possession; that all instruments under which defendants claim be canceled; that the cloud cast upon plaintiffs' title be removed; that the respective interests of plaintiffs and defendant Mote Rand be partitioned, and that should it be that other defendants have interests, that said interests be partitioned; that plaintiffs have judgment for their damages in the sum of $6,000, and for general relief.

Defendants answered by pleas of not guilty, general denial, and innocent purchaser.

Intervener "Law Offices of Jones & Jones," a partnership, members named, answers and adopts the allegations in plaintiffs' second amended petition.

Defendant Mote Rand answered and adopted plaintiffs' petition.

Defendant Citizens State Bank of Linden, a copartnership, members stated, pleaded not guilty; specially alleges that it holds the legal title to that portion of the land described in plaintiffs' petition lying east of the Texas & Pacific Railway and north of the 45 acres claimed by I. E. Lanier, having purchased same without notice, together with all minerals thereunder; this defendant also pleads the statute of limitation of ten years.

Defendant the Texas Company answered not guilty, general denial; pleaded the several statutes of limitation of 25 years, ten years, and of three and four years, Vernon's Ann.Civ.St. arts. 5519, 5510,

5507, 5520; pleaded that it is an innocent purchaser for value.

Citizens State Bank of Linden and the Texas Company, for reply to plea of intervention of Law Offices of Jones & Jones, adopt and assert their amended answer to plaintiffs' amended petition and cross-action, and further answer that they acquired their rights, title and interest for value, without notice of intervener's claim and are innocent purchasers as to such claim, and pray that intervener take nothing.

The parties having agreed in open court that there were no issues of fact to be tried by the jury, the court instructed the jury to find a verdict in favor of plaintiffs, defendants Mote Rand and F. A. Fuller, and intervener, Law Offices of Jones & Jones, against the parties named in the judgment in default, and after such finding the jury was dismissed.

The court, after hearing the evidence, found that the law is with the plaintiffs, except the interests awarded to defendants, F. A. Fuller, Mote Rand, Citizens State Bank, and the Texas Company, as set out. The court adjudged and decreed plaintiffs named recover an undivided 10.04-acre interest of all defendants and intervener, Law Offices of Jones & Jones, in the oil and gas lease and leasehold estate, royalties, minerals or mineral rights of any kind, lying under the land therein described; that defendant F. A. Fuller recover an undivided 9-acre interest in the oil or gas leasehold estate.

The court decreed that defendant the Texas Company recover of all other parties in the suit an undivided 4.16-acre leasehold estate in all mineral rights under the described 37.4 acres.

The court decreed that defendant Citizens State Bank of Linden recover of all parties the surface estate of the complete 37.4-acre tract described, and the remaining mineral interest in the undivided 4.16 acres awarded the Texas Company, that is, "all mineral rights in the undivided 4.16 acre tract awarded The Texas Company, except the said The Texas Company's leasehold estate are here awarded to defendant, Citizens State Bank of Linden."

The court decreed that defendant Mote Rand recover of all parties an undivided 4.16-acre interest in the oil and gas lease and leasehold estate, all minerals or mineral rights under the described tract of 37.4 acres.

The court decreed that intervener, Law Offices of Jones & Jones, recover of all parties an undivided 10.04-acre interest in the oil or gas lease and leasehold estate, all minerals or mineral rights, lying in and under the described tract of 37.4 acres.

The court decreed that defendant Mote Rand recover of all other parties an undivided 6-acre interest in the tract of land then following and described.

The court decreed that all plaintiffs recover of all defendants and intervener, Law Offices of Jones & Jones, an undivided 32.1-acre interest in the 34.1-acre tract of land described.

The court further decreed that intervener, Law Offices of Jones & Jones, recover of all parties an undivided 16-acre interest in 54.1.

The court ordered canceled all purported deeds, leases, or conveyances made by any or all plaintiffs or defendants or their predecessors in title, except as indicated.

The court overruled the motion for a new trial filed by defendants Citizens State Bank of Linden and the Texas Company, and the two defendants appeal.

### Opinion.

Plaintiffs' petition, adopted by the other appellees, discloses on its face that plaintiffs and Mote Rand sue as heirs of Dick and Juliann Rand, both deceased, to recover and partition the land described and involved in this suit, the land alleged to have been owned, during their lifetime, by Dick and Juliann Rand. The evidence shows that Dick and Juliann Rand are deceased; that plaintiffs and the other appellees have and assert no right, title or interest in the land except as heirs of such decedents, or through such heirs, and appellants insist there is no evidence showing or tending to show whether Dick and Juliann Rand, or either of them, died testate or intestate, and, if intestate, whether any administration exists or has existed upon the estate of either of them, and, if not, that no necessity therefor exists or has existed. Because of the want of such evidence appellants insist the trial court erred in rendering judgment against them.

Again, the petition of plaintiffs W. H. Rand, Gustells Rand, Cyrous Rand, and Clyde Rand, adopted by other appellees, discloses on its face that said plaintiffs sue as heirs of Bobbie Rand, deceased, to recover and partition land alleged to have been owned by Bobbie Rand, a daughter

of Dick and Juliann Rand; but there is neither pleading nor proof that no administration is pending upon Bobbie Rand's estate and that no administration is necessary.

Again, the petition of plaintiffs Willie Sheppard, Esther Ross, Essie Ross, Luther Sheppard, Oscar Sheppard, and Ruby Johnson, adopted by other appellees, discloses that said plaintiffs sue as the surviving children and heirs and only as heirs of Mollie Sheppard, deceased, who, the record shows, was a child of Dick and Juliann Rand; they allege, as did other plaintiffs, that Dick and Juliann Rand died intestate, but of that there is no evidence. The petition alleges that Mollie Sheppard owned an interest in the land for which they sue, but there is neither pleading nor proof that no administration is pending upon her estate, and that none is necessary. Appellants submit that, under the above, it was fundamental error to render judgment against them.

The record shows that other groups of plaintiffs sue under substantially the same circumstances and facts as the above: The heir of Childeen Fisher, deceased, who died January 1, 1936; the heirs of Myrtle Zachry, deceased; the heirs of Willard Johnson, deceased, and in each instance there is a want of pleading and proof that no administration exists or has existed upon their respective estates, and that no necessity therefor exists, and of which, in each instance, appellants assign error.

Appellees concede error as to those plaintiffs who sued as heirs of Bobbie Rand and Mollie Sheppard, and that the case must be remanded to give such appellees an opportunity to amend and make proper allegation as to lack of administration and lack of necessity therefor.

We overrule appellants' proposition 1 assigning a want of evidence on the facts, and sustain propositions 2 to 6, both included.

Appellants, Citizens State Bank of Linden and the Texas Company, state in their brief that, in order to defeat the claims of some of the appellees claiming to hold adversely to appellants to some of the property involved, and to sustain the defenses of appellants' claims, appellants offered in evidence a deed from Dick Rand to Ed Rand, conveying some of the land which appellants claim to·be involved in this suit. The land involved and conveyed is described by metes and bounds, and embraces 6.4 acres. At the conclusion of the description of the land, and not elsewhere, the deed recites:

"I hereby reserve one-half of the mineral rights on the above described tract of land, it having already been leased to Dunlay & Beaves to drill for oil and gas. That is only one-half of my interest in said lease is hereby conveyed.

"Interlineations made and corrected after signing with the consent of all parties concerned."

We understand from the record that appellees had previously offered in evidence a deed from the same grantor to the same grantee conveying the same land but purporting to "reserve all the mineral rights," then following in the words of the second or offered deed.

The court at first admitted the instrument, but subsequently, on motion of appellees, excluded it, and did not consider it as evidence in the case. Appellants submit that the excluded deed constituted a link and muniment of the title, estates, rights, and privileges asserted by them.

Here the deed itself recites that the interlineations were made and corrected after signing with the consent of all parties concerned. The exception to the exclusion of the deed, as we view it, goes only to its admissibility in evidence, and not its interpretation. The appellants' reply or counterproposition indicates that the objection to the admissibility of the deed appears to be that the deed shows to have been altered after signing, as stated in the deed, and that the deed was inadmissible in the absence of satisfactory explanation as to the alteration.

Appellees' objection to the admissibility of the deed is as follows: "We object to the deed because this second instrument which purports to be a deed is nothing more than a spoliated copy of a deed."

The court said: "I believe the objection is good in the absence of any further showing," and excluded the deed.

We think the finding of the trial court on the issue of fact thus presented must be sustained.

The deed having been excluded was not before the trial court for interpretation, and for the same reason is not before this court.

Other questions are presented under other assignments, but having concluded that the case must be reversed and remanded

under the present state of the record, they are not considered.

Reversed and remanded.

## On Rehearing.

In the original opinion this court sustained the action of the trial court in excluding as evidence the deed of Dick Rand to Ed Rand, offered in evidence by appellants as a muniment of title under which appellants claim title to the 6.4 acres of the land in controversy.

Appellees had offered in evidence a deed from Dick Rand to Ed Rand to the 6.4-acre tract of land in which deed appears the statement: "I hereby reserve all the mineral rights on the above described tract of land, it having already been leased to Dunlap & Beavers to drill for oil and gas." That deed was dated January 10, 1918, and shows to have been recorded.

The deed offered in evidence by appellants was a sheriff's deed to the same tract of land sold under an order of sale issued out of the district court in a suit of the Citizens State Bank v. Ed Rand, under a judgment rendered in September, 1928. The sheriff's deed, for description of the land sold, referred to the deed from Dick Rand to Ed Rand as of record, giving volume and page. The deed as recorded is the identical land described in the deed offered by appellees. The deed referred to in the sheriff's sale, and offered in evidence by appellants, is a deed from Dick Rand to Ed Rand dated January 10, 1918, and contains the following: "I hereby reserve one half of the mineral rights on the above described tract of land, it having already been leased to Dunlap & Beavers to drill for oil and gas, that is only one half of my interest in said lease is hereby conveyed. Interlineations made and corrected after signing with the consent of all parties concerned."

In the two deeds, it appears that, in the deed offered by appellees, Dick Rand, in conveying to Ed Rand, reserved all minerals, and in the deed offered by appellants, Dick Rand, in conveying to Ed Rand, reserved one-half the minerals, with the further statement that the interlineations were made and corrected after signing with the consent of all parties concerned.

When the deed was offered in evidence appellees' objection was, "that which purports to be a deed is nothing more than a spoliated copy of a deed." The legal effect of the objection made, we think, was that it was a change from a former deed, was a material change, and that before the deed could be offered the party offering it must declare upon the deed with allegations explaining the change or interlineation made in the instrument. That is what seems to be the practice. Hess et al. v. Schaffner, Tex.Civ.App., 139 S. W. 1024, and referred to in 2 Tex.Jur. p. 711, par. 20.

In offering in evidence an altered instrument, the general rule seems to be that the party offering it must account for its condition, and show by pleading and proof that the change made was with the consent of the parties.

Plaintiffs had not denied under oath the genuineness of the deed. Pope v. Taliaferro, 51 Tex.Civ.App. 217, 115 S.W. 309; Jacoby v. Brigman, Tex.Sup., 7 S.W. 366.

We have not found in the record any pleadings of appellants under which appellants could offer any evidence explaining the change or altered condition in the conveyance of land. Proof without pleading to sustain it is unavailing. The trial court concluded the evidence was not sufficient to admit the deed. Considering the reservations made in the two deeds, the pleadings in reference thereto, and the evidence offered in explanation without sufficient pleading to admit it, we think the exclusion of the deed was not error. Appellees not having denied under oath the offered deed, it appearing on its face to be what it purports to be, it should under proper pleading have been admitted. Fitch v. Boyer, 51 Tex. 336.

The motion is overruled.