## WHITE v. JONES et al.

### No. 5877.

Court of Civil Appeals of Texas. Texarkana.

Jan. 22, 1942.

M. L. Wren, of Clarksville, for appellant.

B. C. Jones, of Clarksville, for appellees.

WILLIAMS, Justice.

Appellant, C. M. White, on December 20, 1939, filed this suit in trespass to try title against Sam Jones, the heirs of Scott Johnson, deceased, and Margery Moore, to recover title and possession of two described parcels of land, aggregating less than an acre, situated on the outskirts of Clarksville, Texas. Defendant Margery Moore answered with a plea of not guilty. The other defendants answered with a plea of not guilty, and specially pleaded title to a certain described parcel under the 10 years statute of limitation. Article 5510, R.C.S. of 1925. Trial to the court resulted in judgment that plaintiff take nothing. Findings of fact and conclusions of law were filed by the court.

As between plaintiff White, and defendant Margery Moore, the court found that plaintiff did not deraign any title to the land claimed by her from the sovereignty of the soil, nor did he show by his evidence a superior title from a common source; and premised upon this finding, denied plaintiff recovery of that portion claimed by Margery Moore. Appellant's 3rd and 6th points attack above finding. Under the terms of a warranty deed, dated May 31, 1929, reciting a cash consideration of $177, Pat Clark, acting for himself and as attorney-in-fact for the Steele heirs, purports to convey to defendant Margery Moore a described parcel of land containing 8,850 square feet. At the time this suit was filed, Margery Moore was in posses-

sion of and residing upon this described 8,850 square foot parcel of land, and had been so residing for four years. It was enclosed with a fence which had been erected for a longer period than four years, the exact time not definitely shown. We gather from the evidence that this parcel claimed by her is located on the south end of the plat exhibited in the trial. The record discloses that litigants prepared and used a plat in the trial which disclosed the tracts sued for in reference to location in the original survey; the location of the tract claimed by Margery Moore; and that claimed by the other defendants. Witnesses testified with reference to this map and various natural and artificial objects indicated thereon. The benefit of this plat and the evidence had with reference thereto was before the court, the trier of the facts. This plat has not been brought forward in this record. After a careful examination of the conveyances introduced in evidence, together with the descriptive calls found therein, this court has been unable to trace the title to the parcel claimed by Margery Moore out of the State to plaintiff, or from a common source of title into plaintiff. The North boundary line of the tract conveyed by Pat Clark et al. to Margery, and now claimed by her, is called to begin at the S. E. corner of the Sam Jones tract of land and to run West 97 feet with the South boundary line of said Sam Jones' land. Inference could be drawn from above calls that Margery Moore's land is situated South of the land described in the petition. The evidence reflects no connection in the title between Margery Moore's grantor and the grantor, H. D. Briggs, in a deed later to be discussed. For plaintiff to prevail, the burden rested upon plaintiff to establish title into him from the sovereignty of the soil, or the superior title out of a common source. of title. It not appearing affirmatively from this record that he met such proof, and applying the rule that every reasonable presumption will be indulged in favor of the findings of the court, appellant's 3rd and 6th points are respectfully overruled. 4 T. J. Sec. 747, p. 1059, and authorities there cited; 41 T.J. Sec. 30, p. 492, and authorities there cited.

The court found that Sam Jones and Scott Johnson, or the heirs of Scott Johnson, have held actual, open, notorious and adverse possession of that described parcel of land claimed by them since November, 1919 (a period of 20 years), cultivating,

using and enjoying the same. Grounded upon such finding, the court concluded that plaintiff was precluded from a recovery of that portion claimed by defendants Sam Jones and the heirs of Scott Johnson, by virtue of the provisions of Article 5510, supra. Appellant's 1st and 5th points attack the sufficiency of the evidence to support above findings of fact and conclusion of law.

A deed, dated November 24, 1919, signed by one H. D. Briggs, acknowledged by him on November 10, 1920, under its terms, purports to convey to said Jones and Johnson, jointly, that portion of the tract so claimed by them. This deed recites a consideration of $400 cash paid to Briggs by Jones and Johnson, and the execution and delivery by them, of two vendor's lien notes, each for $200, dated November 24, 1919, and due October 1, 1920, and 1921, respectively. It is without controversy that the $400 was paid and the notes executed and delivered on date above recited. Defendants claim that Briggs delivered the deed to them at the time, but shortly afterwards he obtained possession of the deed under the representation to them that he had through mistake included a portion of Pat Clark's land in the conveyance and it was necessary to correct the field notes. The court found that the deed and two notes were placed in the First National Bank of Clarksville, and "that attached to the notes is a written memorandum, in the handwriting of the Assistant Cashier of the bank, directing the delivery of the deed to Scott Johnson and Sam Jones upon payment of the first of these notes." The court further found that neither note was paid or at any time renewed. A deed, dated November 25, 1935, executed by H. D. Briggs, purports to convey to plaintiff, C. M. White, the land sued for, with a special warranty of title.

■ We deem it unnecessary in the disposition of appellant's 1st and 5th points to determine if delivery of the Briggs deed into Jones and Johnson was consummated under above facts. If title did not pass for want of delivery as contended by appellant, the fact remains from this record that Briggs delivered the occupancy and possession of the parcel to Jones and Johnson in November 1919, and from said date until White filed this suit in 1939, Briggs nor any one holding or claiming under him asserted or made any character of claim or demand upon defendants. And during this

period of twenty years defendants, who have at all times claimed the parcel, have been molested in no way in their peaceful, actual and visible possession and enjoyment of the property. It is without controversy that Sam Jones occupied a residence on the parcel in 1919 and continued to live in this house until 1928 when it was destroyed by a storm; and thereafter he resided close by and planted, cultivated and gathered crops off the parcel each and every year from 1928 until this suit was filed. Scott Johnson, the other joint owner, erected another residence thereon shortly after the year 1919, the exact year not definitely shown, and continued to live there until his death in 1924. Since 1924, Ella Bagby, his daughter, has held control and custody of the residence erected by her father. Plaintiff knew in 1921 that these defendants were claiming title to the property. He knew then and in 1935, when he acquired the deed from Briggs, that these defendants were then in possession of the property. A special warranty title was conveyed in the deed from Briggs to plaintiff. When all the foregoing facts and circumstances are considered, together with the presumptions in support of the court's findings, we do not feel warranted in disturbing the court's findings, attacked by appellant under his 1st and 5th points. The court was the trier of the facts. The disposition reached renders unnecessary the discussion of other points advanced.

The judgment is affirmed.