**LOWE v. HENSON et al.**

No. 5690.

Court of Civil Appeals of Texas. Amarillo.

Oct. 15, 1945.

Jack M. Randal, of Lubbock, for appellant.

W. W. Campbell, of Lubbock, and Joe J. McGowan, of Brownfield, for appellees.

BOYCE, Justice.

This is a suit for specific performance of a contract to convey land and for damages. The appellant, H. L. Lowe, brought the suit against the vendor, W. A. Henson, and G. S. Webber, a subsequent purchaser. The relief sought against Henson is specific performance or, in the alternative, damages for the loss of the bargain; that sought against Webber is possession and damages for the rental value of the property during Webber's occupancy. Both of the appellees filed cross actions for the removal of the cloud cast on the title to the land by virtue of appellant's claim. A trial before the court without a jury resulted in a judgment that appellant take nothing as against either of the appellees and that all title and claim of appellant to the land be canceled and held for naught. Findings of fact and conclusions of law were filed by the trial judge.

On March 2, 1944, Lowe went to the farm homestead of the appellee Henson in Terry County and entered into a written contract with Henson and his wife for the purchase of the farm. The portion of the contract, immediately following the description of the land, material to this case read as follows: "save and except an undivided *1/4* interest, of all oil, gas and other minerals in or under said land *fully* participating. The agreed price to be paid is *$64.00* per acre, a total of *$10,240.00.*"

The contract was on a printed form. The italicized words and figures were written in the blank spaces in pencil. The contract provided for the furnishing of an abstract, examination thereof, curing of title defects, and the deposit by Lowe of $500 earnest money in escrow in a Lubbock bank. Lowe, who owned mineral interests in Coleman, Terry, Yoakum, Hockley, and Lubbock Counties, filled in the blanks. Duplicate copies of the instrument were signed in ink by Lowe and Mr. and Mrs. Henson. A contemporaneous oral contract was made whereby Lowe agreed to purchase the Hensons' farm machinery for $3160 cash. Henson had priced the land to Lowe at $65 per acre and the machinery at $3000; at Lowe's request, the stated consideration for the land was made $64 per acre and the one dollar per acre difference added to the price of the machinery.

At the time the contract was made, Henson owned but one half of the minerals in the land, the other half having been reserved when he bought it. The next day the Hensons consulted an attorney relative to the effect of the contract and were informed that they were obligated to convey three fourths of the minerals. That afternoon they wrote appellant as follows:

"In drawing up the terms of the contract yesterday, there was an honest error made by us, we was at your home today, but no one was at home. Will be back tomorrow, Saturday, March 4, in the morning. We have notified your bank, pending the adjustment of these matters, to hold all papers.

"Sincerely yours,
"W. A. Henson
"Dora Henson"

The Hensons met appellant at the escrow bank in Lubbock the next morning and ex-

plained the situation to him. The Hensons had their copy of the contract with them and Lowe obtained from the bank his copy which had been put in escrow. The testimony as to what was actually said at this meeting is meager, but we infer from it that Henson took the position that appellant should require a conveyance of only one fourth of the minerals, while appellant's stand was that he should get one half of the minerals and an adjustment in price for the one fourth that could not be conveyed. In the course of the discussion, Lowe altered both copies of the contract to read as follows:

"Save and except an undivided *None* Interest, of all oil, gas and other minerals in or under said land ~~fully~~ participating.

"The agreed price to be paid is $62.50 per acre, a total of $10,000.00 of which amount $10,000.00 is to be paid in cash on delivery of the title and deed."

The changes were made by erasing the figures "1/4" and substituting the word "None," and changing the figures relative to the consideration from "$64.00" to "$62.50," and from "$10,240.00" to "$10,000.00." All this was done in pencil. The word "fully" was marked through in ink.

The contracts were not re-executed following the change. Lowe returned one copy to the escrow holder and the other to the Hensons. The testimony of the parties to the contract is conflicting on whether the Hensons agreed to the alterations.

As the parties left the bank, appellant suggested that they go to a lawyer's office and have a deed drawn for execution and deposit in escrow by the Hensons. This the Hensons refused to do.

Thereafter Henson made no effort to comply with the contract and ignored letters from appellant's attorney requesting him to furnish an abstract or be sued. On March 23 Henson and his wife contracted to sell the surface and one fourth of the minerals in the farm to appellee Webber for $65 per acre cash; at the same time they sold Webber the farm machinery for $3000 cash. A deed executed by the Hensons and Webber's check for the purchase money were placed in escrow in a bank in Brownfield and the Hensons delivered possession of the property to Webber on April 1, 1944.

On March 24, 1944, appellant filed a suit against Henson for damages for breach of the altered contract. Later Webber was made a party and the petition was amended to seek the relief set out above.

The trial court found that neither of the Hensons agreed to the alteration of the contract and concluded that appellant was not entitled to either specific performance or damages. In our opinion, this finding and conclusion, if correct, dispose of the case.

The appellant contends that the finding of nonconsent by the Hensons to the alteration of the contract was unwarranted and vigorously attacks the credibility of Mr. and Mrs. Henson as witnesses. The trial judge had the exclusive function of determining the credibility of the witnesses and the weight to be given their testimony. The court's finding will not be disturbed if there is evidence to support it, viewing the evidence in the light most favorable to appellees and indulging every legitimate conclusion that is favorable to them. Glenn v. Glenn, Tex.Civ.App., 183 S.W.2d 231.

The land was priced to appellant at $65 per acre with a one-fourth mineral reservation in favor of the Hensons. Mrs. Henson testified she told appellant when he was at her home that she would not sell it to anybody for less and that she repeated this statement as they were leaving the bank at Lubbock. During the discussion at the Lubbock bank Mr. Henson said to appellant: "You are not asking me to donate our one fourth of the minerals." We think it is a legitimate conclusion that the Hensons met with Lowe at the bank for the purpose of securing to themselves the reservation of one fourth of the minerals. The fact that the contract was changed in their presence to reflect a different obligation is not in itself sufficient to establish their consent to the change. Farmer v. Edelbrock, Tex.Com.App., 66 S. W.2d 664. The Hensons denied that they agreed to the alteration. Their conduct following the meeting at the bank is consistent with their testimony that they did not agree to the alteration of the contract. They refused to have a deed drawn. Mr. Henson endorsed the escrow check and returned it to the depositary. He failed to furnish an abstract in the face of a letter threatening him with a suit for $5000 damages if he did not furnish it. They sold the land to appellee Webber on the terms they had quoted to appellant. We therefore hold that there is evidence to support the trial court's finding of fact.

We also agree with the trial court's conclusion of law. The material alteration of a written instrument made by one of the parties to it after execution and without the authority or consent of another party to it avoids the instrument as to the nonconsenting party. Baldwin v. Haskell Nat. Bank, 104 Tex. 122, 133 S.W. 864, 134 S.W. 1178; Matson v. Jarvis, 63 Tex.Civ.App. 376, 133 S.W. 941, writ of error refused; Pope v. Taliaferro, 51 Tex. Civ.App. 217, 115 S.W. 309.

Because of our decision on the issue discussed, we find it unnecessary to determine the effect on the rights of the parties of the relinquishment of the homestead prior to the trial.

The judgment is affirmed.