**BARRICK v. DAVID et al.**

No. 5801.

Court of Civil Appeals of Texas. Amarillo.

Sept. 15, 1947.

Simpson, Clayton & Fullingim, of Amarillo, for appellant.

Underwood, Johnson, Wilson & Sutton, of Amarillo, (Clayton Heare of Amarillo, of counsel), for appellees.

PITTS, Chief Justice.

Appellees, Walter David, Mabel B. David, and Jennings R. David, filed suit against appellant, W. N. Barrick, d/b/a Barrick Cattle Company, for the sum of $595, the same being the alleged value of seven head of cattle which appellees alleged were placed with appellant for pasturage at a specific rate as a consideration and the said cattle were never redelivered by appellant to appellees.

Appellant admits that the said cattle were placed with him for pasturage and that they were never redelivered to appellees. But he contends that he used ordinary care in looking after the said cattle and that his failure to redeliver them to appellees was occasioned by means ordinarily and reasonably considered to be unavoidable and that he should not therefore be held liable for his failure to redeliver the said cattle to appellees. Appellant further contends that appellees were indebted to him and sued them for pasturage due him by appellees in the sum of $162.

The case was tried to the court without a jury and judgment was rendered for appellees in the sum of $595 less an offset in the sum of $129.60 allowed appellant for unpaid balance for pasturage, making the amount of judgment for appellees $465.40 together with interest thereon at the rate of 6% until paid.

Appellant perfected an appeal to this Court and the case is before us on two points of error complaining, in effect, that the trial court erred in finding and concluding that appellant had failed to discharge the burden of proof in establishing the fact that he had used ordinary care in preventing the escape of the cattle and was therefore liable for the value of the same when the evidence conclusively showed that he had used ordinary care in looking after the cattle and was not therefore liable for their value.

At the request of appellant the trial court made and filed its findings of fact and conclusions of law. It found that on June 20, 1944, appellees delivered 162 head of cattle to appellant under a written agreement to the effect that appellant was to pasture them until August 1, 1944, in a pasture controlled and operated by him for a consideration of $1 per head per month with the right given appellees to call for the cattle earlier than August 1, 1944; that appellees called for the cattle on July 24, 1944, and appellant delivered to appellees only 155 head of cattle, leaving 7 head of cattle that appellant had never redelivered to appellees; that the value of the 7 head of cattle was $595; that appellant's foreman, Tom Cade, knew during the time appellees' cattle were being pastured by appellant that cattle were escaping from appellant's pasture and "getting over into neighboring pastures and that occasionally some would get lost"; that appellant had therefore failed to show that he had used ordinary care to prevent the escape and disappearance of appellees' said 7 head of cattle and that appellees were indebted to appellant in the sum of $129.60 for four-fifths of a month for pasturage. The trial court concluded that inasmuch as appellant took the cattle under contract with appellees to pasture them and graze them on land controlled by appellant for an agreed

consideration, appellant became an agister under a contract of agistment with appellees; that appellant was charged with the burden of proof establishing the fact that he used ordinary care in preventing the escape of the said cattle from his custody; that because of appellant's failure to show that he used ordinary care in preventing the escape of the said 7 head of cattle from his custody, he was liable to appellees for the value of the said cattle and that appellant was entitled to an offset of $129.60 for pasturage, making the net amount of the judgment $465.40.

■■ Appellant concedes that appellees made out a prima facie case against him but that he conclusively rebutted the proof by establishing the fact that he used ordinary care in looking after the cattle, safely keeping them and returning them to appellees and that he is not therefore liable for the 7 head of cattle that were not returned to appellees. But the trial court does not agree with appellant on the question of having used ordinary care in looking after the cattle, which is the only contested issue between the parties as presented to this Court. Every reasonable presumption will be indulged in favor of the findings of the trial court. Lowe v. Henson, Tex.Civ.App., 190 S.W.2d 423; Glenn v. Glenn, Tex.Civ.App., 183 S.W.2d 231; and White v. Jones, Tex.Civ.App., 158 S.W.2d 842. If there is any evidence of probative force to support the findings of the trial court that appellant did not use ordinary care in looking after the cattle in question and that as a result of appellant's failure to use such ordinary care of the said cattle they were not redelivered to appellees, then both appellant and this Court are bound by such findings of the trial court. Boston Ins. Co. v. Rainwater, Tex.Civ.App., 197 S.W.2d 118, and other authorities there cited.

■ ■ Appellant offered testimony to the effect that the pasture where the cattle in question were kept had an ordinary average four-wire fence in fair condition around it but we must consider the testimony in its most favorable light in support of the findings of the trial court. The record reveals that cattle were often going from the pasture in question to neighboring pastures, as a result of which cattle would sometimes get lost. There is no testimony indicating that the cattle in question were of a roving disposition or that they possessed anything more than ordinary propensities, yet 10 of them got out of appellant's pasture and 7 of them were never found, although appellant's foreman sought diligently to find them. Appellant testified that after the cattle in question were redelivered to appellees, necessary repairs were made on the pasture fence replacing staples that had dropped out and setting in posts occasionally where needed. Appellant also tendered the testimony of Tom Cade, his foreman of the pasture where the cattle in question were kept, who testified in part on cross-examination that he had charge of the pasture and cattle in question; that during the time the cattle in question were being pastured by appellant, cattle would get out of the said pasture in question and get into the pasture of some neighbor and that sometimes cattle would get out of some neighbor's pasture and get into appellant's said pasture; that occasionally they would lose cattle because of their getting out of appellant's pasture; that while appellees' cattle were being pastured by appellant 10 of them got out of the pasture but 3 of them were later found and returned to appellant; that he sought diligently to find the other 7 but never did.

This testimony, together with that given by appellant and his admission that the said 7 head of cattle were never returned to appellees by appellant, support the finding of the trial court about which appellant complains. We therefore overrule appellant's points of error. Other cases supporting the position the trial court has taken in this case are: Miller v. Robbins, Tex.Civ.App., 262 S.W. 1053; Bagley v. Brack, Tex.Civ.App., 154 S.W. 247; McAuley v. Harris, 71 Tex. 631, 9 S.W. 679; Texas & P. R. Co. v. Graham, Tex.Civ. App., 257 S.W. 642; Huie v. Lay, Tex.Civ. App., 170 S.W.2d 823.

The judgment of the trial court is affirmed.